.In the Matter of the Judicial Settlement of the Accounts of M. D. C. CRAWFORD et al., as Executors, etc.

EMELINE P. HAYWARD, Appellant, v. CHARLES S. BARKER et al., Respondents.

The will of B. directed his executors to divide his residuary estate into a certain number of equal shares, one of which he gave to each of the children living at the time of his death of six deceased brothers and sisters named. Then followed this provision: "In case any one or more of the children of either or any of my deceased brothers and sisters mentioned in this clause of my will, shall die or have died before me leaving lawful issue surviving at the time of my death, then and in that case such issue of my deceased nephew or niece shall receive the share which his or her ancestor would have received under this clause of my will had she or he been living at the time of my death, excepting in the case of the issue of Lemuel Crawford, deceased, to whom this clause shall not apply. The children of the said Lemuel Crawford, deceased, having been left a legacy in a former clause of this will." Said Lemuel Crawford was a son of a sister of the testator, to whose children a sixth was given. Prior to the making of the will several of the children of the testator's brothers and sisters, named in the residuary clause, had died leaving issue who survived the testator. *Held*, that the provision was not strictly substitutionary, and the said issue took, irrespective of the time of the death of their parents, the share their parents would have been entitled to had they survived the testator, they taking as primary legatees, not as representatives by way of substitution to interests given in the prior clause.

The cases bearing on the question of construction considered and classified.

Except in one instance specific legacies were given to the issue of nephews and nieces who had died before the making of the will; the amounts of these legacies, however, were not uniform or identical in amount with what they would take under the residuary clause, and they were smaller than the legacy given to Lemuel Crawford. *Held*, the fact that the testator excluded the issue of the latter from participating in the residuary estate

because of the prior provision for them, did not exclude other issue simi-
larly situated, as the will showed the intent that they should be included.
*Mem.* of decision below, 45 Hun, 294.

(Argued March 25, 1889; decided April 16, 1889.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an order
made July 1, 1887, which affirmed a decree of the surrogate
of the county of Westchester on settlement of the accounts
of M. D. C. Crawford et al., as executors of the will of
Joseph S. Barker, deceased.

The question was as to the distribution of the residuary
estate. The disposing clauses of the will are as follows :

" *First.* I direct my said executors to pay all my just debts
and funeral expenses as soon as convenient after my decease.

" *Second.* I direct my said executors to pay to Rev. Morris
D. C. Crawford the sum of five thousand dollars, which sum
I give and bequeath to him irrespective of any sum which he
may be entitled to receive, under the provisions of this will, as
one of the children of my deceased sister, Mary Crawford.

" *Third.* I give and bequeath and direct my executors to
pay as follows : That is to say, to J. Barker More, the son of
Luther More, the sum of one thousand dollars. To Margaret
and Mary Ellen, the granddaughters of my deceased brother
Isaac Barker, each the sum of one thousand dollars. To
Charles S., the grandson of my deceased brother Nathaniel
Barker, the sum of two thousand dollars. To the three chil-
dren of Dorinda Edwards, being the grandchildren of my
deceased brother Thomas B. Barker, each the sum of one
thousand dollars. To Wilbur F. Henderson, the grandson of
my deceased brother Elijah C. Barker, the sum of two thousand
dollars. To the two children of Joseph B. Crawford, being
the grandchildren of my deceased sister Mary Crawford, each
the sum of one thousand dollars. To the two sons of my niece
Mary Stevens, each the sum of one thousand dollars. To the
children of Lemuel Crawford, deceased, each the sum of two
thousand dollars. To the son of Elmira Mickel, daughter of

Mary Crawford, the sum of one thousand dollars. To my coachman, John Barron, the sum of five hundred dollars. To my gardener, Joseph Richards, the sum of two hundred and fifty dollars. To my house servant, Julia Byrnes, the sum of two hundred and fifty dollars. And to Anna Sullivan, formerly one of my house servants, the sum of two hundred and fifty dollars.

"*Fourth.* I give and bequeath and direct my executors to pay the sum of one thousand dollars to the children living at the time of my death of Mary Jane Gordon, being the grand-children of my deceased brother Thomas B. Barker, the said sum of one thousand dollars to be divided share and share alike between such children living at the time of my death of the said Mary Jane Gordon.

"*Fifth.* I give and bequeath and direct my executors to pay to Jane Barker, Angeline Barker and Hester Haviland, daughters of my deceased brother Frederick Barker, each the sum of seven hundred dollars if they be living at the time of my death, but if either of the said daughters of my deceased brother, Frederick Barker, should die before me, then I give and bequeath and direct my said executors to divide the sum of twenty-one hundred dollars, share and share alike, among such of said daughters of my deceased brother Frederick Barker, mentioned in this clause of my will, as shall be living at the time of my death.

"*Sixth.* I give and bequeath and direct my executors to pay to Charlotte V., the widow of my deceased son Morris D. C. Barker, the sum of one thousand dollars if she be living at the time of my death.

"*Seventh.* All the rest, residue and remainder of my said estate I direct my executors to divide into equal shares; the number of said equal shares to be made one more than the number of legatees hereinafter mentioned in this clause of my will; and I give, devise and bequeath and I direct my executors to pay the amount of the said rest, residue and remainder of my estate, after being divided into equal shares, as follows: Two of such shares as above provided for to Grace Place, the

wife of Barker Place. One share to Marion, daughter of Barker and Grace Place. One share to Emeline Hayward, daughter of my deceased niece, Susan A. Place. One share to Isabel Sullivan, daughter of my deceased niece Susan A. Place. One share to each of the children living at the time of my death of my deceased brother Isaac Barker. One share to each of the children living at the time of my death of my deceased brother Nathaniel Barker. One share to each of the children living at the time of my death of my deceased brother Thomas B. Barker. One share to each of the children living at the time of my death of my deceased brother Elijah C. Barker. One share to each of the children living at the time of my death of my deceased sister Jane Hart. One share to each of the children living at the time of my death of my deceased sister Mary Crawford, but in case any one or more of the children of either or any of my deceased brothers and sisters, mentioned in this clause of my will, shall die or have died before me leaving lawful issue surviving at the time of my death, then, and in that case, such issue of my deceased nephew or niece shall receive the share which his or her ancestor would have received under this clause of my will, had she or he been living at the time of my death, excepting in the case of the issue of Lemuel Crawford, deceased, to whom this clause shall not apply. The children of the said Lemuel Crawford, deceased, having been left a legacy in a former clause of this will."

Several of the children of the brothers and sisters named in the residuary clause had died before the making of the will, leaving issue who survived the testator ; others of said children died between the time of the making of the will and the testator's death. The further facts, as far as material, are stated in the opinion.

*J. K Hayward* for appellant. Only living legatees could share in the residue. (*Maberly* v. *Strode,* 3 Ves. 450; *Lake* v. *Robinson,* 2 Mo. 386.) A word occurring more than once

in a will shall be presumed to be used always in the same sense, unless a contrary intention appears in the context. (3 Jar. [R. & T. ed.] 707; 1 Doug. 268; 3 Drew, 472; *Radcliff* v. *Buckley*, 10 Ves. 201.) The word "children" is restricted, by the express adjective "living," to the parents of contingent, future representatives. (*Crook* v. *Whitly*, 26 L. J. Ch. 350.) The word "children" also is restricted by the phrase, "mentioned in this clause of my will," to nephew degree living at the date of the will, because such only had been already "mentioned" for a provision in this clause. (3 Jar. [R. & T. ed.] 707; *Doe* v. *Rawding*, 2 Barn. & Ald. 452; *Norris* v. *Beyea*, 13 N. Y. 283; Wigram, rule 6 [ed. 1872], 10; *Jones* v. *Doe*, 1 Scam. 276; 2 Jar. Ch. 29, 684, § 7; *Hunter* v. *Hunter*, 17 Barb. 85; *Hall* v. *Warren*, 9 H. L. 420; *Van Allen* v. *Moers*, 5 Barb. 10; *Downing* v. *Bain*, 24 Ga. 375.) Members of a class provided for *nominatim*, will not take a double provision by ambiguous parsing, nor by a subsequent class description for other members of the class. (*Dewitt* v. *Yates*, 10 Johns. 156; *Phillips* v. *Davies*, 92 N. Y. 199; *White* v. *Wakely*, 26 Beav. 24; *Creveling* v. *Jones*, 21 N. J. Law Rep. 573; *Early* v. *Benbow*, 2 Coll. 342; *Humphreys* v. *Benbow*, 2 Cox, 184; *Eddels* v. *Johnson*, 1 Giff. 22; *Branston* v. *Weightman*, 35 Ch. Div. 551; *Megson* v. *Hindle*, 15 id. 198; *Campbell* v. *Clark*, 10 Atl. Rep. 702; *Van Allen* v. *Moers*, 5 Barb. 113; *Shelly* v. *Bryer*, 1 Jac. 207; *Low* v. *Harmony*, 72 N. Y. 413; *Willis* v. *Jenkins*, 30 Ga. 167; *Palmer* v. *Horn*, 84 N. Y. 522; *Smith* v. *Lidiard*, 3 K. & J. 252; *Bagley* v. *Mollard*, 1 Russ. & Ry. 581.) Respondents are under a legal disability in their character of non-next of kin, which puts them *hors de combat* in a construction contest even for a single provision as against the next of kin. The court will not ransack the canons of interpretation for disinherison. (*Roosevelt* v. *Fulton*, 7 Cow. 79; *Downing* v. *Bain*, 24 Ga. 372; *Hall* v. *Warren*, 9 H. L. 433; 2 R. S. 97, § 11; Code, §§ 12, 2514; *Slosson* v. *Lynch*, 43 Barb. 161; *Quinn* v. *Hardenbrook*, 54 N. Y. 86; *Swaine* v. *Kemmerly*, 1 V. & B. 469; *Harris* v. *Lloyd*, 1 T. & R.

310; *Smith* v. *Lidiard*, 3 K. & J. 252; *Van Kleeck* v. *Dutch Church*, 6 Paige, 612; 20 Wend. 469; *Bender* v. *Dietrick*, 7 Watts & S. 284; *Graydon's Estate*, 25 N. J. Eq. 561; *Leigh* v. *Savidge*, 1 McCarter, 124; *Jackson* v. *Schauber*, 7 Cow. 187; 4 Kent's Com. [11th ed.] 535 n; *Doe* v. *Dring*, 2 M. & S. 454; 15 Brington's Will, Haz. Reg. Penn. 50; *Cromer* v. *Pinckney*, 3 Barb. Ch. 466; *Porter's Appeal*, 45. Penn. St. 201.) It requires "a necessary implication,". an "unambiguous gift" to make a good bequest as against the next of kin. (*Fleming* v. *Brooks*, 1 S. & L. 318; *In re Hull*, 21 Beav. 314; *Reed* v. *Stewart*, 4 Russ. 69; *Creveling* v. *Jones*, 21 N. J. Law Rep. 576.) Even the equity of an unprovided for co-equal claimant is counter-balanced, if handicapped with others already provided for. (*Branston* v. *Weightman*, 35 Ch. Div. 551; *Megson* v. *Hindle*, 15 id. 198; *Shelly* v. *Bryer*, Jac. 207; *Radcliff* v. *Buckley*, 10 Ves. 194.)

*Joseph S. Wood* for Charles S. Barker, respondent. An express and positive devise cannot be controlled by the reason assigned, or by subsequent ambiguous words, or by inference and argument from other parts of the will. (2 Redf. on Wills, 426.) It was not necessary, in order that the issue of the deceased nephew of the testator should share in the residuary estate, that that deceased nephew should have been living at the time of the testator's death. (*Teed* v. *Morton*, 60 N. Y. 502; *Tytherleigh* v. *Harbin*, 6 Sim. 329; *Clay* v. *Rennington*, 7 id. 370; *Lawrence* v. *Hebbard*, 1 Brad. 252; *Bell* v. *Beckwith*, 2 Beav. 308; *Abbey* v. *Aymar*, 3 Dem. 400; *Long* v. *Tabor*, 8 Penn. 229; *Wheeler* v. *Allen*, 54 Me. 232; *Christopherson* v. *Naylor*, 1 Mer. 320; *Loring* v. *Thomas*, 1 Dr. & Sm. 497; *In re Hotchkiss*, 8 L. R. 643; *Giles* v. *Giles*, 8 Sim. 360; *Rust* v. *Baker*, id. 443; *Jarvis* v. *Pond*, 9 id. 549; *Smith* v. *Smith*, 8 id. 353; *Faulding's Trust*, 26 id. 263; *Chapman's Will*, 32 id. 382; *Ive* v. *King*, 16 id. 46; *Coulthurst* v. *Carter*, 15 id. 421; *Gaskell* v. *Holmes*, 3 Hare, 438; *Etches* v. *Etches*, 3 Drewry, 441; *Hannam* v. *Sims*, 2 De Gex & J. 151; *Jordan's Trust*, 2 New, 57; *Parsons* v. *Guilliford*, 10 Jur. [N. S.] 231;

*Atwood* v. *Alford*, L. R., 2 Eq. 479; *Philp's Will*, L. R., 7 id. 151; *Potter's Trust*, L. R., 8 id. 52; *Barnaby* v. *Tassell*, L. R. 11 id. 363; *Adams* v. *Adams*, L. R., 14 id. 246; *Gowling* v. *Thompson*, 19 Law T. Rep. [N. S.] 242; *In re Sibley*, L. R., 5 Ch. Div. 494; *In re Smith*, id. 497; *Wingfield* v. *Wingfield*, L. R., 9 id. 658; *Harris* v. *Harris*, L. R., 11 id. 663; *In re Lucas*, L. R., 17 id. 788; *Miles* v. *Tudway*, 49 Law T. 664; *Cort* v. *Winder*, 1 Collyer, 320; *King* v. *Cleaveland*, 4 De Gex & J. 477; *Ashling* v. *Knowles*, 3 Drewry, 593; *Le Jaune* v. *Le Jaune*, 2 Keen's Ch. 701; *In re Orton's Trust*, L. R., 3 Eq. 375; *Martin* v. *Holgate*, L. R., 1 H. of L. 175; *Heron* v. *Stokes*, 2 Dr. & W. 98; *Lamphier* v. *Buck*, 5 Am. Law Reg. [N. S.] 224.)

*Gwillim & Meyers* for Mary E. Williams, respondent. The fact that Mary E. Williams is not specifically named in the earlier parts of the will, and is the only grandchild thus overlooked, is evidence of the testator's intention to provide for her under the residuary clause, for the testator was benevolently disposed to do something for all these grandchildren, and evidently intended not to neglect any one of them. (*Giles* v. *Giles*, 8 Sim. 360; *Lawrence* v. *Hebard*, 1 Bradf. 252; Jarman on Wills, 633.)

*Walter Edwards* for George B. Edwards et al., respondents. It is the intention of the testator, as expressed in his will, which is to govern, and this must be judged of exclusively by the words of the instrument applied to the subject-matter and surrounding circumstances. (1 Redf. on Law of Wills, 432, 433; *Chrystie* v. *Phyfe*, 19 N. Y. 344, 348; *Arcularius* v. *Geisenhainer*, 3 Bradf. 64; *Lytle* v. *Beveridge*, 58 N. Y. 592.) A clearly expressed intention in one portion of the will is not to yield to a doubtful construction in any other portion of the instrument. (1 Redf. on Wills, 433; *Corrigan* v. *Kiernan*, 1 Bradf. 208.) Extrinsic evidence is not admissible to alter, detract from or add to the terms of a will, except to rebut a resulting trust attaching to a legal title created by it, or to remove a latent ambiguity arising from words equally descrip-

tive of two or more subjects or objects of gift. (Jarman's General Rules, 8 ; *Mann* v. *Mann*, 1 Johns. Ch. 231 ; 14 Johns. 1.)

ANDREWS, J. The decision in this case turns on the point whether, under the will, the issue of nephews and nieces of the testator, who died during his lifetime and before the making of the will take under the residuary clause, the share which their parents would have taken if they had survived the testator. His ten brothers and sisters had died before the date of the will, seven of whom left children surviving them at that time, but several nephews and nieces of the testator, brothers and sisters of surviving nephews and nieces had died, leaving issue, before the will was made. The living nephews and nieces claim that they only are entitled to the residue given by the will to the exclusion cf the issue of nephews and nieces who died before the date of the will. If this was the intention of the testator, or if the language of the residuary clause requires the court to say that this was his intention, that intention must be imputed, whatever the court may think was his actual intention outside of the words used. The testator in the residuary clause directs his executors to divide his estate into equal shares, specifying the number, but not their amount. He gives five shares to individuals specifically named ; two to the wife of a grand-nephew, one to this grand-nephew's daughter, and one to each of two children of a deceased niece. Then follows a gift of one share to each of the children "living at his death" of his deceased brother Nathaniel, and *mutatis mutandis*, one share to each of the children of five other deceased brothers and sisters mentioned. Three daughters of a deceased brother, living when the will was made, and then being over sixty years of age and without issue, were not included in the gift of the residue. They were the children of the testator's brother Frederick, who was not mentioned in the residuary clause. They were given a legacy of $700 each in a prior clause of the will, with succession *inter sese*, in case of the death of any one before the testator's death.

The particular language in the residuary clause, on which the controversy turns, immediately succeeds the gifts of the shares to the children of the testator's brothers and sisters, and is as follows : " But in case any one or more of the children of my deceased brothers and sisters mentioned in this clause of my will shall die, or have died before me, leaving lawful issue surviving at the time of my death, then and in that case, such issue of my deceased nephew or niece shall receive the share which his or her ancestor would have received under this clause of my will, had he or she been living at the time of my death, excepting in the case of the issue of Lemuel Crawford, deceased, to whom this clause shall not apply. The children of the said Lemuel Crawford, deceased, having been left a legacy in a former clause of this will."

The main argument in support of the contention that the issue of nephews and nieces of the testator who died before the making of the will are not comprehended in this clause is that the clause is strictly substitutionary, and that no one can take thereunder unless he is the representative of a nephew or niece living when the will was made, but who had died prior to the death of the testator. This argument treats the nephews and nieces living at the date of the will as the primary legatees, and the clause quoted as intended to provide simply for the devolution of their shares upon their issue, in case of their death intermediate the date of the will and the death of the testator.

There are a large number of cases to be found in the books, and especially in the English reports, upon the construction of wills, where a gift is made to a class of objects to be ascertained at the testator's death, or at some other future time, followed by a provision that in case of the death of some of the objects of the class before the death of the testator, the issue of child or children, or of nephews or nieces, or of the class, whatever it is, shall take. The question has frequently arisen whether the issue of deceased members of the class who died prior to the making of the will were entitled to take the share which the parent would

have taken, if living at the date of the will, but dying before the death of the testator. It is manifest that the testator could include or exclude the issue of pre-deceased members of the class dying before the date of the will, and whether he did or did not include them is a question of construction of the words. The cases are divided into two general classes. In one class are the cases where the alternative clause is treated as strictly substitutionary, and in these it is held that only such issue can take as can show that they represent a person of the class who could, by possibility, have taken under the conditions existing when the will was made, but whose death after the making of the will prevented the primary gift from taking effect. In cases of strict substitution it is evident that an original member of the class pre-deceased before the date of the will could never have taken, and there could be no share of the parent to which the issue could be substituted. In these cases it is held that such issue are excluded, and that only issue of members of the class dying intermediate the date of the will and the death of the testator can take. The case of *Christopherson* v. *Naylor* (1 Mer. 319) is a representative case of this class. The other class embraces cases in which the words following a gift to a class are introduced in form or in effect by way of proviso, and are construed as adding to the class who are to participate, defined in the prior clause, another class, viz., the issue of deceased persons of such class, at whatever time they may have died, whether before or after the date of the will, such issue constituting another and distinct class, by way of original and substantive limitation. In cases of this kind it is held that the issue take as primary legatees, and not as representatives, by way of substitution to interests given in the prior clause. For examples of this class, we refer to a few of the cases. (*Loring* v. *Thomas*, Dre. & Sma. 497; *In re Chapman's Will*, 32 Beav. 382; *In re Potter's Trust*, L. R. 8 Eq. 52.) The distinction between the two classes of cases is stated with admirable clearness by JAMES, V. C., in the case of

*In re Hotchkiss's Trusts* (L. R., 8 Eq. 642). It will be found, however, that the cases are not all reconcilable. The diversity of opinion arises in many cases, I apprehend, from the mental attitude in which the particular judge approaches the consideration of such a question, that is, whether he leans to a strict and literal construction of the language of a will or to a liberal and broad construction in aid of the probable intention of the testator. The tendency, however, is towards the inclusion of issue of pre-deceased children. The cases are collected by Jarman (2 Jar. 771 *et seq.*), and he states that even where there is no original and independent gift to the issue, but the claim is founded on a clause apparently of mere substitution, the court "anxiously lays hold of slight expressions as a ground for avoiding a construction which in all probability defeats the actual intention, by excluding the issue of a deceased child from participation in a family provision." The liberal construction was adopted by this court in *Teed* v. *Morton* (60 N. Y. 502).

But we are relieved in this case from the necessity of a critical examination of the cases on the general subject, for the reason that the language of the will, in the case before us, points unmistakably to the inclusion of the issue of pre-deceased children as primary legatees. The clause, " but in case any-one or more of the children of my deceased brothers and sisters mentioned in this clause of my will, shall die or have died before me leaving lawful issue," etc., which immediately follows the gift to classes, is, we think, alone conclusive of the testator's intention to provide for the issue of pre-deceased children. The words "mentioned in this clause of my will," to the ordinary apprehension qualifies "brothers and sisters," the immediate antecedent, and, so construed, the issue who are to take are the issue of all the deceased children of his brothers and sisters mentioned, without reference to the time of their death. The intention to include all such issue, irrespective of the time of the death of the parent, is emphasized by the words, "shall die or have died," pointing both to death in the future and the past. Six of the testator's brothers and sisters

are mentioned in the prior clauses.    One brother is not mentioned, and the issue of his children are not included.    The reason may have been that the living children of that brother had no children and had outlived expectation of issue, and the testator had provided for them in another clause.    But a conclusive reason for the construction that the issue of pre-deceased children were intended to take, is found in the concluding clause of the residuary section of the will, which excepts from its provisions "the issue of Lemuel Crawford, deceased, to whom this clause shall not apply," adding as a reason "the children of said Lemuel Crawford having been left a legacy in a former clause of this will."    Lemuel Crawford was a deceased nephew of the testator and the son of Mary Crawford, a deceased sister of the testator, and both had died before the making of the will.    The exclusion *nominatim* of one of the issue of a child of the testator's sister Mary, who had died before the will was made, and who was one of the sisters mentioned to whose children shares were given, is cogent evidence that the testator intended to comprehend in the residuary gift all the issue of nephews and nieces who had died at any time before the making of the will, except in case of individuals of the class specially excluded.

The learned counsel for the appellant has argued with great learning and ability to show that, by the strict rules of grammar, the words "mentioned in this clause of my will" qualify the word "children," and not the words "brothers and sisters" immediately preceding.    But this, we think, would not be the reading of common men, and grammatical tests always give way where, by applying them, the overruling intention discernable on a consideration of all the words of the will, would be defeated.    It may be conceded that the words "but in case" naturally point to an alternative or substitutional clause, but this is not decisive.    This form of expression, in substance, will be found in many cases falling under the second class above referred to.

It is also urged in support of the appellant's construction,

that the opposite one results in a double provision for the issue of nephews and nieces who had died before the will was made. It is true that, except in one instance, specific pecuniary legacies are given to the issue of such pre-deceased nephews and nieces. The amounts of such legacies are not uniform, and there is no inference derivable from the face of the will that the testator intended to give all his property in equal shares to the objects of his bounty. The legacies given to the issue of pre-deceased nephews and nieces are not identical in amount with what they will take under the residuary clause, so that the latter cannot be said to be the same legacy given by inadvertence a second time. But, still more, he excluded the issue of Lemuel Crawford, deceased, for the reason that he had made a prior provision for them, but did not exclude other issue who were similarly situated, except that the legacies given to them were, in most instances, smaller in amount.

We cannot entertain a doubt that the proper construction has been given to the will by the courts below, and the judgment appealed from should, therefore, be affirmed.

All concur.

Judgment affirmed.