In re SMITLEY.

In re VAN EPPS.

(Surrogate's Court, Schenectady County. September 20, 1915.)

1. WILLS ⬦555—RIGHTS OF LEGATEES—PERSONS ENTITLED.

Where children of a deceased person, found their claim under a will on a substantive, independent, original gift, comprehending them concurrently with another class of objects, the gift extends to the children of the persons who were dead when the will was made.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1199–1202, 1204; Dec. Dig. ⬦555.]

2. WILLS ⬦498—CONSTRUCTION—WHO ARE LEGATEES.

A will devising property in trust to a named nephew and niece, and if they leave no issue at their death then in trust to nephews and nieces of the testatrix's blood living at the death of the life beneficiary of the trust, and to the issue then living of each of the nephews and nieces "who may have died" in the lifetime of the life beneficiary and left issue living at the latter's death, includes all such issue, irrespective of the time of the death of the parent, since an intent to disinherit next of kin will not be imputed.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1087–1089; Dec. Dig. ⬦498.]

Proceeding for an accounting and distribution of a trust fund for the benefit of Cornelia Van Epps, the cestui que trust under the will of Jane Ann Smitley. Decree rendered.

William S. Stauring, in pro. per.

Joseph W. Smitley and Alonzo P. Strong, both of Schenectady, for trustee.

James W. Verbeck, of Ballston, for Mary Christopher and Simon Schermerhorn.

Loucks & Alexander, of Schenectady, for Josephine S. Myers.

George W. Featherstonhaugh, Sr., of Schenectady, for William Bradt Smith.

Daniel Naylon, Jr., of Schenectady, for Cornelia B. Devenpeck, Edgar Wallace Schermerhorn, and Florence S. Tomlinson.

VEDDER, S. This is a proceeding for an accounting and the distribution of the corpus of the trust fund created for the benefit of the cestui que trust, Cornelia Van Epps, under the twenty-third clause of the will of Jane Ann Smitley. The distribution of the corpus of said trust fund involves the construction of that part of the twenty-third clause of said will which reads as follows:

"If such nephew or niece shall leave no issue surviving at his or her death, then upon the further trust, to pay and transfer such trust fund and property to the nephews and nieces of my blood, living at the death of the life beneficiary of said trust, and to the issue then living of each of my said nephews

and nieces who may have died in the lifetime of such life beneficiary, and left issue living at the latter's death."

Cornelia Van Epps died leaving no issue. The parents of the issue involved in the construction of this clause of said will died in the lifetime of the said life beneficiary, Cornelia Van Epps.

This is a gift of personal property, and the element of futurity is annexed to the substance of the gift. The gift is to a class of persons *and their issue,* to be determined at the time of the death of the life beneficiary, Cornelia Van Epps. The gift is an original one to nephews and nieces of the blood living at the death of Cornelia Van Epps *and to the issue* of such as may have died in the lifetime of the life beneficiary, Cornelia Van Epps. Remsen on Wills, p. 230; Teed v. Morton, 60 N. Y. 502.

[1] Where the children of a deceased person found their claim on a substantive, independent, original gift, comprehending them concurrently with another class of objects, the gift extends to the children of the persons who were dead when the will was made. In re Crawford, 113 N. Y. 374, 21 N. E. 142.

[2] The intent to disinherit next of kin will not be imputed. Low v. Harmony, 72 N. Y. 414. The intent to include all of such issue, irrespective of the time of the death of the parent, is emphasized by the words "may have died in the lifetime of such life beneficiary," pointing both to death in the future and past.

The doctrine of res adjudicata has no application here. W. N. Bank v. Birch, 130 N. Y. 231, 29 N. E. 127, 14 L. R. A. 211. I am of the opinion that distribution should be made among the persons and in the proportions as follows:

To Daniel C. Van Patten, nephew of said Jane Ann Smitley, deceased, the one-twentieth part thereof.

To Simon S. Van Patten, who is the same person named Simon Van Patten in the said will, nephew of said Jane Ann Smitley, deceased, the one-twentieth part thereof.

To John J. A. S. Van Patten, who is the same person named John Van Patten in said will, nephew of said Jane Ann Smitley, deceased, the one-twentieth part thereof.

To Rachel Warner, a niece of said Jane Ann Smitley, deceased, the one-twentieth part thereof.

To Cornelia Walker, a niece of said Jane Ann Smitley, deceased, the one-twentieth part thereof.

To Mary C. Campbell, a niece of said Jane Ann Smitley, deceased, the one-twentieth part thereof.

To Mary Christopher, a niece of said Jane Ann Smitley, deceased, the one-twentieth part thereof.

To Josephine Myers, named Josephine S. Myers in the citation in this matter, a niece of said Jane Ann Smitley, deceased, the one-twentieth part thereof.

To Simon Schermerhorn, a nephew of said Jane Ann Smitley, deceased, the one-twentieth part thereof.

To John R. Schermerhorn, a nephew of said Jane Ann Smitley, the one-twentieth part thereof.

To Lena Gilmore, named Lena Gilmour in the said will, a niece of the said Jane Ann Smitley, deceased, the one-twentieth part thereof.

To Henry Schermerhorn, a nephew of the said Jane Ann Smitley, deceased, the one-twentieth part thereof.

To Bertha S. Hoffman, named Bertha Upp in said will, a niece of said Jane Ann Smitley, deceased, the one-twentieth part thereof.

To Angelica B. Osborne, a niece of said Jane Ann Smitley, deceased, the one-twentieth part thereof.

To William S. Stauring, a nephew of said Jane Ann Smitley, deceased, the one-twentieth part thereof.

To James H. Stauring, a nephew of said Jane Ann Smitley, deceased, the one-twentieth part thereof.

To Cornelia B. Devenpeck, a niece of said Jane Ann Smitley, deceased, the one-twentieth part thereof.

To Edgar Wallace Schermerhorn, a grandnephew of said Jane Ann Smitley, deceased, and a son of Simon Schermerhorn, a deceased nephew of said Jane Ann Smitley, the one-fortieth part thereof.

To Florence S. Tomlinson, a grandniece of said Jane Ann Smitley, deceased, a daughter of said Simon Schermerhorn, a deceased nephew of said Jane Ann Smitley, the one-fortieth part thereof.

To William Bradt Smith, a grandnephew of said Jane Ann Smitley, deceased, a son of Jacob S. Bradt, a deceased nephew of said Jane Ann Smitley, a one-twentieth part thereof.

To Jacob Schermerhorn, a grandnephew of said Jane Ann Smitley, deceased, a son of James Bond Schermerhorn, a deceased nephew of said Jane Ann Smitley, the one-twentieth part thereof.

Let a decree be entered in accordance with this opinion.