(170 App. Div. 412)

### LIGHTFOOT v. KANE et al.

(Supreme Court, Appellate Division. First Department. December 10, 1915.)

WILLS ⬅512—CONSTRUCTION—PERSON ENTITLED.

Testatrix provided for division of the rest of her estate into as many shares as there were children living at her death, giving one share to each surviving child. In case any of the children died before her death his lawful issue was to take the share the parent would have taken, if living. The will also created a trust for a son for life, with remainder to the issue of any of testatrix's children who "shall have died" before the death of the life tenant. *Held*, that children of a son who predeceased testatrix took the share the son would have taken if he had survived.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1074, 1075; Dec. Dig. ⬅512.]

Appeal from Special Term, New York County.

Action by Blanche L. Lightfoot against Matthew A. Kane, individually and as executor, etc., of Bridget C. Kane, deceased, and others. From an order for judgment dismissing the complaint upon the pleadings, and from the judgment, plaintiff appeals. Order and judgment reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and SMITH, JJ.

Joseph Walker Magrath, of New York City, for appellant.

John J. Lordan, of New York City, for respondent Thomas F. Kane.

Rounds, Schurman & Dwight, of New York City, for respondents Matthew A. Kane and others.

Henry S. Cook, of New York City, for respondent Annie F. Garry.

Henry L. Schaefer, of New York City, for respondent Rosemary Kane.

SMITH, J. Bridget Kane died the 11th of March, 1914, leaving a last will and testament, which is here for construction. The will was executed on the 6th day of July, 1909. On that date there were living three sons and four daughters. Another son, Michael Kane, had died on December 13, 1903, prior to the execution of the will. The plaintiff and the defendant Rosemary Kane are daughters of said Michael Kane, who left no other issue.

There is a single question involved in this appeal, arising upon the construction of the fourth clause of Bridget Kane's will. That clause, so far as is relevant, reads as follows:

"All the rest, residue and remainder of my estate both real and personal and wheresoever situated, I divide into as many shares or portions as I may have children living at my death and one of such shares or portions I give, devise and bequeath to each of my children surviving at the time of my death. * * * In case any of my children *shall die* before me, leaving lawful issue

surviving, then such issue shall take the share or portion the parent would have taken if living at the time of my death. * * *"

The judgment appealed from denies to the children of Michael Kane the right to take under the will. With this conclusion I am not in accord.

The wording of the will is faulty and inaccurate. The two clauses quoted are contradictory of each other. There are two rules of interpretation which are to guide us in construing this will: (1) The intent of the testatrix is to govern the interpretation of the will when that intent be ascertained, and words may be transposed and the tense of a verb changed if necessary to give expression thereto. (2) A strong presumption exists that the testatrix did not mean to disinherit alone the children of her deceased son. Matter of Brown, 93 N. Y. 299; Matter of Crawford, 113 N. Y. 366, 374, 375, 21 N. E. 142. In the defendants' answers no claim is made that Michael Kane had received his portion of the estate prior to his death, nor upon the face of the pleadings is there any reason apparent why any discrimination should be made as against the living children of the deceased child. Again, in the fifth clause of the will, the share of Peter is put in trust for his life, with the remainder to his lawful issue, if any. If not, the will reads:

"Then I give, devise and bequeath the share of my estate so held in trust for him as aforesaid, to my children living at the time of his death, and the issue of any of my said children who *shall have died* before the death of my said son Peter J. Kane. * * *"

That the children of Michael are included in this provision is undoubted, and in view of this fact, and of the inaccuracy of expression found throughout the will, and of the presumption that the issue of the child that died before the making of the will should share equally with the issue of the children who should die thereafter, it seems fair that the provision for the children who "shall die" before the death of the testatrix includes this plaintiff and her sister.

This exact phrase has been the subject of judicial construction in wills. In Re Chapman's Will, 32 Beav. 382, the will recites in part:

"That in case any of my nephews and nieces or great-nephews and great-nieces, *shall die in my lifetime* leaving any child or children who shall be living at my decease," the child or children of such nephew or niece should take the share of its parent.

It was there held that the issue of a child who had died before the making of the will was entitled to share. In the opinion, Sir John Romilly says, in part:

"Much stress cannot be placed on the words 'shall die in my lifetime.' It is vague. It is argued that it means 'shall hereafter die,' but I think the expression is constantly used in the sense 'shall be dead at the time of my death.' "

In Loring v. Thomas, 1 Dr. & Sm. 497, the court held that the words "shall die" did not import future dying, but are equivalent to the words "shall be dead" or "shall have died."

156 N.Y.S.—8

The expression in the statute providing against the lapse of legacies, where a child "shall die" during the lifetime of the testator, was construed by both the prevailing and dissenting opinions to refer to a death before or after the making of the will in Pimel v. Betjemann, 183 N. Y. 194, 76 N. E. 157, 2 L. R. A. (N. S.) 580, 5 Ann. Cas. 239. This case is strongly relied upon by respondents to sustain this decision. If our conclusion that the words "shall die," as used in the fourth subdivision of the will, shall be construed as "shall have died" as used in the fifth subdivision of the will, this case is clearly distinguishable from the case cited, which was simply a bequest to children as a class without express provision for those dying before testator's death. The decision in the case cited also rests in part upon a provision in the will that the legacy should not be payable until the beneficiary reached the age of 21 years, which was held to indicate that young children of a deceased child were not intended to be included. In the case at bar, the will contains no such provision. The case at bar is also distinguishable from the Turner Case, 208 N. Y. 261, 101 N. E. 905, Ann. Cas. 1914B, 245, in which was construed a will containing a bequest to collaterals, and not to direct descendants. In such case the same inference does not exist as where the question of exclusion is of one's own blood. Each will must be construed in the light of the special circumstances under which it was made, and in view of other provisions in the same will. I cannot escape the conviction that the testatrix never intended to exclude the plaintiff and her sister from their share of her bounty.

The order and judgment should therefore be reversed, with costs, and the motion denied, with $10 costs. Order filed. All concur.

LAUGHLIN, J. (concurring). I concur in the views expressed by Mr. Justice SMITH, and vote for reversal. I am of opinion that the provision of the will directing that the residuary estate be divided into as many shares or portions as the testator left children him surviving is qualified by the further provision with respect to the prior death of a child leaving issue, and that the true construction of the will is that, if the testator left children and the issue of a deceased child, no matter whether the death of such child occurred before or after the making of the will, the residuary estate should be divided into a number of shares equal to the number of sons and daughters of the testator who survived him, plus the number of his sons and daughters who predeceased him leaving issue surviving the testator.

The plaintiff and the defendant Rosemary Kane, who are the children of the testator's son Michael, are therefore entitled to take the share which Michael would have taken, had he survived the testator.