John D. Bennett, S.
Incidental to this probate proceeding, the petitioner seeks a construction of the terms of the will, drawn by a layman.
It would he inappropriate to subject this hastily and haphazardly written instrument to a minute examination placing undue emphasis or significance on punctuation and paragraphing (cf. Eidt v. Eidt, 203 N. Y. 325, 328; see 7 Heaton on Surrogates’ Courts [5th ed.], § 405).
The language of the will and the testimony offered at the hearing make it very clear that the testator intended to leave all his possessions to his sister, Mrs. Salvina Zahra.
The entire will is embraced in two short paragraphs reading as follows:
“ I, the undersigned — Bev. Francis J. Agius — Pastor of Our Lady of Good Counsel Church — Inwood — declare that all the paintings and all the collection of postal stamps are my own personal property; and at my death all to go to my sister — Mrs. Salvina Zahra, and she is to dispose of them according to my instructions given to her.
£i My real estate at Mattitnck, Long Island, also to go to my sister — Mrs. Salvina Zahra. The same holds true for my property in Inwood and in Danville, New Jersey.”
The question presented is whether the testator has completely disposed of his estate or has died intestate as to some of his property.
In a recent New York Court of Appeals case (Matter of Fabbri, 2 N Y 2d 236) that court enunciated certain basic principles to be used by the courts in the construction of wills. The Court of Appeals there said (p. 240): “ If the court upon read *43 ing the will in this setting discerns a dominant purpose or plan of distribution, the individual parts of the will must be read in relation to that purpose and given effect accordingly (Roe v. Vingut, 117 N. Y. 204, 212). This is true despite the fact that a literal reading of the portion under construction might yield an inconsistent or contradictory meaning because of the use of awkward language inadvertently or carelessly chosen (Haug v. Schumacher, 166 N. Y. 506, 513; Williams v. Jones, 166 N. Y. 522, 533, supra). As this court pointed out in an early opinion: ‘ If we can see that the inept, or careless, use of language by the testator has created the difficulty in ascertaining his intention, but, nevertheless, feel certain as to what he meant, from reading the whole instrument in connection with the clause in question, we may subordinate the language to that meaning.’ (Matter of Miner, 146 N. Y. 121, 130-131.) ”
The Court of Appeals also strongly reaffirmed in the Fabbri case (2 N Y 2d 236, supra) the presumption against intestacy, and quoted the language in Matter of Hayes (263 N. Y. 219, 225) as follows (p. 243): “‘The idea of anyone deliberately purposing to die testate as to a portion of his estate, and intestate as to another portion, is so unusual, in the history of testamentary dispositions, as to justify almost any construction to escape from it.’ (2 Bedfield on Wills [3d ed.], p. 235.) ”
In Morton v. Woodbury (153 N. Y. 243) the court held that no specific words were necessary to constitute a residuary legatee. In the last-cited case the language which was held to be the residuary clause read as follows: “I appoint Ellen C. Wood-bury my legatee and give to her all not before specified in this and request her to give as I may direct or sell from what remains.” The court held that the “all” referred to her property and estate and that the clause above cited was sufficient to pass the residuary estate to the named legatee.
On the question as to whether a specific enumeration preceding or following a residuary clause restricts or cuts down such residuary clause, the Court of Appeals in Matter of Miner (146 N. Y. 121, 131) said: “ The rule of construction requires of the court, in dealing with the language of a residuary gift which is ambiguous, that it should lean in favor of a broad rather than of a restricted construction; for thereby ‘ intestacy is prevented, which, it is reasonable to suppose, testators do not contemplate.’ (Lamb v. Lamb, 131 N. Y. 227.)”
In Eidt v. Eidt (203 N. Y. 325, 328, supra) the court said: 1 ‘ The question certified imposes upon us the duty of declaring, through interpretation, the effect of the will in the particular it specifies. In the judicial interpretation of a will, which is *44 given only when its language under its natural and ordinary meaning is of doubtful and uncertain effect, the intention of the testator may be sought through the entire contents of the will. If, by a careful study of the entire will, the uncertainty is not eliminated or the intention is not perceived, the relevant and competent facts and circumstances surrounding the testator at the time of the execution of the will, and the rules of judicial interpretation should be resorted to as aids in giving the instrument the meaning which it may contain. Whenever the intention is ascertained or is made satisfactorily apparent through the balance of reasons and probabilities, it becomes obligatory to determine whether it is adequately expressed by the language of the will. Courts will not construct a will in order that an inadequately expressed intention may be fulfilled, or thrust into a will a provision which is neither apparent nor necessarily to be implied. But a testamentary intention declared in a lawful manner and having a legal purpose has paramount potency and cannot be thwarted or nullified. It overrides the inadequacy or incorrectness of the language or the punctuation, or any crudity of the will. To effectuate it the courts will transpose or insert or disregard words or phrases.”
The authorities above referred to lend support to the conclusion that the instrument offered for probate reveals an intention on the part of the testator to leave the entire residuary estate to his sister, Salvina Zahra. The statement in the will to the effect that “ she is to dispose of them according to my instructions given to her ’ ’ is obviously precatory.
The propounded instrument having been executed as required by section 21 of the Decedent Estate Law, and it having been established that the decedent was competent to make a will and free from restraint, the propounded instrument will be admitted to probate as the decedent’s will.
Submit decree in accordance with the above construction.