Pierson E. Hildreth, S.
Petitioner, in this accounting proceeding, seeks construction of paragraph 66 ninth ” of decedent’s will. Under the plan of decedent’s will, such paragraph must be considered together with paragraphs “fifth” and “ sixth ” of the will. The three paragraphs provide;
‘ ‘ fifth : I give, devise and bequeath to my beloved wife, Marguerite A., during her lifetime, or until she again marries, the income, use, profit and benefit of any, and all of my property, both real and personal of which I shall die possessed, except the bequest to the Presbyterian Chapel at Stony Brook of One Hundred (100) Dollars and the above-mentioned farm implements.
‘ ‘ sixth : As soon as convenient, but without sacrifice, after the decease or remarriage of my beloved wife, I direct all my property, both real and personal, not otherwise herein specifically disposed of, he sold and converted into cash. The said moneys realized shall be divided into five equal parts; one part for each of my sons and daughters or their heirs, husbands or wives, in the manner herein designated. After paying the certain sums from the respective shares as hereafter directed, the balance remaining shall he invested in first bonds and mortgages secured by good real estate, and each shall receive his or her proportionate share of the income, as his or her share hears to the total sum invested.
‘ ‘ ninth : A one-fifth part to go to my son Herbert E. Blydenburgh, as follows: — One-half of bis one-fifth share to he paid to him upon the death of my widow, and the income and benefit of the remainder of his one-fifth share to go to him during his life, and at his death, each of his children is to he paid Two Hundred (200) Dollars therefrom, and the interest and income on the remaining portion to go to his widow of his subsequent marriage during her life or Until heY remarriage *898 and upon her death, said remainder is to be equally divided among all my grandchildren.”
Decedent’s will was admitted to probate in 1918, His widow died in 1930 and his son, Herbert, died in 1957, leaving no widow surviving him. Pearl Simmering, daughter of decedent’s daughter, Olive Findlay, survived the decedent and predeceased Herbert E, Blydenburgh.
Petitioner has taken the position that no interest in the remainder under paragraph “ninth” vested in decedent’s grandchildren until the death of Herbert E. Blydenburgh; that the interest of such grandchildren is contingent upon survivor-ship at the time of the distribution thereof. From such premise she concludes ‘‘ that distribution of the remainder should be made only to those of the class who survived the life tenant.”
Even if the petitioner’s position were correct, her conclusion would not follow under the facts of this case. The absolute power to alienate the corpus of the trusts provided for in paragraph “ ninth ”, under the terms of decedent’s will, might have been suspended for the duration of the lives of decedent’s widow, decedent’s son Herbert and the widow of such son’s subsequent marriage. Thus with respect to such fund the provisions of the will violated the statutes prohibiting the suspension of the absolute power of alienation during more than two lives. (Real Property Law, § 42; Personal Property Law, § 11.) In determining whether a will has illegally suspended the power of alienation, the courts will look to what might have happened under the terms of the will rather than to what has actually happened since the death of the testator. A careful study and analysis of decedent’s will indicates that his primary object with respect to the provisions of paragraph “ ninth ” was to provide for his son Herbert. This court properly salvaged the provisions for Herbert E. Blydenburgh and by decree made and entered on May 5,1958, in this estate, adjudged that the trust provisions under paragraph “ ninth ” terminated upon his death. (Matter of Fischer, 307 N. Y, 149.)
If the remainder to decedent’s grandchildren were contingent, such remainder could not be accelerated. It would then follow that the remainder must pass as intestate property to decedent’s distributees upon the termination of the measuring lives of his widow and his son Herbert. (Matter of Fischer, supra.) However, the courts have indicated in any number of instances that the presumption against intestacy is very strong and is applied in all cases. In the absence of indications in the will to the contrary, the presumption that the testator intended to dispose of his entire estate will result in a construction to that effect, *899 (7 Warren’s Heaton, Surrogates’ Courts, § 23; 1 Davids, New York Law of Wills, § 497.)
Furthermore, the fact that the gift of the remainder was a gift to a class rather than to persons identified by name, does not justify the implication of a requirement of survival to the time of distribution. The class may reopen to admit additional members until the time of distribution. A child of the class, who has once become a member of the class, is not eliminated from membership by reason of his failure to survive to the time of distribution, unless there is an express provision to that effect in the will or unless there is some basis in the context of the will for implying such a provision. (Matter of Sweazey, 2 A D 2d 292.) This decedent’s will expresses no requirement for survival in the gift over to his grandchildren under paragraph “ ninth ” and contains no provisions for a gift over in the event all of the grandchildren should die prior to the time of the distribution of the remainder. Undoubtedly, if the testator had intended to impose a requirement of survival, he would have provided for such a contingency.
Accordingly, the court holds that the remainder under paragraph “ ninth ” of decedent’s will vested in his grandchildren at the time of his death, subject to “ open and let ” to admit additional grandchildren up to the time of death of Herbert E. Blydenburgh. The children of the latter, first, are each entitled to the sum of $200 out of such remainder. The balance of the remainder goes to all of decedent’s such grandchildren, including the children of Herbert E. Blydenburgh, and including said Pearl Simmering who predeceased Herbert E. Blydenburgh.