Pierson R. Hildreth, S.
In this proceeding the court is requested to construe Paragraph third of decedent’s will, which provides as follows:
“ third: A. Subject to the specific requests set forth in ‘ item second, subdivision a ’, all the rest, residue and remainder of my property, real, personal and mixed, of whatsoever kind and wheresoever situate, I give, devise and bequeath to my beloved children, share and share alike.
“ B. In the event any of my children shall predecease me then and in that event their share shall go to their surviving spouse or in the event such spouse shall predecease any of my children then such are to their surviving issue.”
*990 Testatrix died September 23, 1957 leaving a will executed May 28,1954. At the date of the will testatrix had five children living, four sons and one daughter. Another son, Nicholas, had died in 1948, or six years prior to the will, leaving surviving his wife, Fannie, and a son, John.
The question presented is whether the surviving spouse, Fannie, of such predeceased son, Nicholas, who died before the date of the will, is entitled to share under the quoted residuary clause.
It is admitted that when the will was made testatrix knew which of her children were alive and that the one son was then dead and had left his wife and his child surviving. Under a prior clause in her will she gave monetary legacies to two of her sons by name, and also stated that she was not making any such bequest to her other three children, naming them.
The law presumes that the language used expresses the testatrix’ intent. In this case the language used indicates a gift to the children of testatrix as a class, which class constitutes the primary takers of the residuary estate. The provision that “in the event any of my children shall predecease me” that their share shall go to their surviving spouse or in the event such spouse “ shall predecease any of my children ” such share to their surviving issue is a substitutionary provision in case any of the class do not survive testatrix and thus fail to take.
The general rule is that a bequest to a class does not include persons who have died before the date of execution of the will. (Pimel v. Betjemann, 183 N. Y. 194.) If testatrix intended otherwise she could have and should have clearly so indicated. There is nothing in the language of this will which would indicate that testatrix intended to include within the class a child or children who were not living at the time the will was made. The phraseology of the will considered with the phraseology of the prior clause referring to her beloved children indicates that when testatrix spoke of her “ beloved children ” she was referring to the children then living and was not making a gift to those that were nonexistent. The phrase “in the event any of my children shall predecease me ’ ’ suggests that testatrix was thinking of the possible future death after date of her will of one of the children then alive, and not the one then already dead.
For the substitutionary gift to take effect, the party substituted must be able to take the place of an original legatee who would have taken under the primary bequest. Since the son who died prior to the will would not be a member of the primary class, his surviving widow could not take. (Hayward v. Barker, 113 N. Y. 366 ; Matter of Allen, 151 N. Y. 243 ; Wescott v. Hig *991 gins, 42 App. Div. 69, affd. 169 N. Y. 582 ; Matter of Horvath, 155 Misc. 734 ; Matter of Cohen, 116 N. Y. S. 2d 333 ; Matter of Lasky, 133 N. Y. S. 2d 146.)
Accordingly the court holds that under the language of the will the residuary estate passes to the four sons and one daughter of the testatrix who were living at the time of execution and at the time of death and that the widow of the son of testatrix who predeceased her prior to the making of the will is not entitled to share in the residue.