Harry GK Herman, S.
The court is asked to construe decedent’s will, more particularly article “ twenty-first ” thereof:
“ I hereby give and devise and bequeath all the rest, remainder and residue of my estate, both real property and personal property, wherever the same may be situated and I hereby direct that the same may be divided into as many equal parts as I shall have children me surviving; and I hereby give one of such undivided equal parts to each of my children me surviving share and share alike; with the exception that in apportioning the share that would go to my beloved child Joseph eisner, the sum of Four Thousand ($4,000.00) Dollars be deducted therefrom; my reason being that both he and his family are well provided for.
“ In the event that any child of mine or children of mine shall pre-decease me, then it is my wish and I hereby direct, that the share or shares that he or they would have become entitled to, had they survived me, shall go to the child or children of such deceased child or children, per stirpes and not per capita.”
Decedent died on May 20, 1961, leaving a will dated January 20, 1958, and a codicil dated June 1, 1959, which were admitted to probate July 27, 1961. During her lifetime she had four children, one of whom, Regina Eisner Edelstein, died on November 19, 1957, two months prior to the execution of the will, leaving three children who survived the testatrix, one of whom is the petitioner.
The questions to be determined are whether the children of Regina Eisner Edelstein, predeceased daughter of the decedent, are entitled to share in the residuary estate including the distribution of the $4,000 mentioned in said article. Petitioner contends that the testatrix intended to divide her residuary estate into four equal parts one of which parts should be distributed to the children of decedent’s predeceased daughter. It is argued that there is no specific distribution of the $4,000 and that such sum passes as intestate property.
*664 In opposition to the petitioner’s argument, there was submitted to the court an affidavit and a transcript of the examination of the attorney who prepared the will and who had represented the decedent and various members of her family for many years, in an effort to establish that the decedent did not intend to include the issue of the predeceased daughter, one of whom is the petitioner herein. Even if it were assumed that extrinsic evidence might properly be considered by the court in ascertaining the intention of testatrix, the proof adduced was not such as to be of assistance to the court in reaching a determination.
The will reflects a careful testamentary plan by decedent to make some provision for all of her descendants except one granddaughter. To each of her three daughters-in-law the testatrix left various items of jewelry and fur coats, but, significantly, to the wife of her son, Joseph (whom she considered “well provided for ”) she left but one item of jewelry. To the petitioner, who is the daughter of the decedent’s predeceased daughter, the testatrix left some antique jewelry and a trust fund of $5,000 which was to be held until she reached 30 years or married someone of the Jewish faith, whichever first occurred. A bequest of $5,000 was made to the son of such deceased daughter; nothing was bequeathed to the other daughter of such deceased daughter, who had married out of the Jewish faith, but a daughter of the latter was given a legacy of $5,000 in trust. This last bequest was modified after a second great-grandchild was born so as to provide two sums of $2,500 .each in trust for both great-grandchildren. All other grandchildren also received moneys in trust, in one case in the amount of $5,000, in two cases in the amount of $2,000 each and in four cases, four grandsons (the children of Joseph who was “well provided for”) received a total trust fund of $4,000, or $1,000 each.
With this background the language used becomes facile of interpretation. Decedent divides her residuary estate into as many equal parts as “ I shall have children me surviving.” Significant in the quoted language is the word 11 shall ’ ’. One of the meanings of the word “ shall ” as found in the dictionary defines its use as “ expressing simple futurity.” The court is satisfied that decedent intended by the use of the word “ shall ” to adopt its plain meaning; in other words, she was contemplating an occurrence at some time in the future after the date of the will. In view of this language and the fact that the decedent specifically provided in her will for the children of her predeceased daughter, except as to the one daughter, it would appear. *665 that decedent was referring solely to those of her children who survived her.
The second paragraph of the same article reveals no inconsistency with the first paragraph. The court interprets “In the event that any child or children of mine shall pre-decease me ’ ’ as referring to those children who were living at the time of the execution of the will but who should thereafter predecease the decedent. Again the word ‘ ‘ shall ’ ’ refers to an event in futuro. To rephrase, decedent was interested in providing for her sons, the natural bounty of her affection, or their children, should the sons not survive decedent. She had already provided for the daughter, son and grandchildren of her predeceased daughter. To this court a reasonable scheme of disposition unfolds. It is clear to the court that the testatrix did not intend to include the children of her predeceased daughter within the class “ children me surviving.”
Where there is a bequest to a class comprising collateral relatives with a provision for surviving issue of those members of the class who may predecease the testator, the courts have held that the surviving issue of one within the class who is not alive at the time of the execution of the will is not intended to be included as a beneficiary (Matter of Turner, 208 N. Y. 261). This rule is not invariably applied if the bequest is to a class comprising direct lineal descendants of the testator since under such circumstances, the courts endeavor to avoid any result which would exclude issue of predeceased children (Matter of Cohen, 116 N. Y. S. 2d 333); but the rule favoring the inclusion of issue of a child who has predeceased the testator is not applied where the provision in favor of issue of a deceased child is a substitutionary clause limited to the issue of only those children who are living at the date of the will.
To adopt the petitioner’s theory would result in one fourth of the remainder going to the issue of the predeceased daughter per stirpes, in which event the granddaughter who was pointedly omitted in the will because of her marriage, would receive part of the estate in contravention of the express intent of the testatrix.
The court takes cognizance of Matter of Crawford (113 N. Y. 366) cited by petitioner as support for her position but the language there is distinguishable from the case at bar; the testator used the language “ shall die or have died,” the interpretation of which was clearly applicable to that which included the heirs of those persons who predeceased him. (See, also, Matter of Cohen, supra.) In Lightfoot v. Kane (170 App. Div. *666 412) there was no apparent intent elsewhere in the will to exclude any of the issue of a child who had died before the execution of the will. Except for -the enunciation of general canons of construction, prior decisions involving will constructions are generally not too useful as authoritative citations, for the language of each will in most cases differs. It is the close scrutiny of the language in the entire will which enables the court to determine what the decedent intended.
Some earlier decisions have enunciated the proposition that in the absence of a contrary intent, bequests to a class do not include persons dead prior to the making of the will, who, had they survived, would have been included thereunder (Pimel v. Betjemann, 183 N. Y. 194; Matter of Turner, supra).
A similar conclusion was reached, where analogous language was construed, in Matter of Lasky (133 N. Y. S. 2d 146) and Matter of Scocozzo (28 Misc 2d 989). In both cases the court refused to allow children of a predeceased child to be included in the class of “ children of the decedent.”
The disposition of the $4,000 can be explained by a further analysis of the will. It is a well-known rule of construction that whenever possible the court should avoid any determination which will result in intestacy (Matter of Agius, 12 Misc 2d 42; Matter of Blydenburgh, 24 Misc 2d 896; Matter of Kane, 7 Misc 2d 130; Matter of Cutter, 4 A D 2d 966, affd. 5 N Y 2d 1018).
Such an avoidance can reasonably be accomplished here and will be consistent with decedent’s desires. Testatrix specifically intended to dispose by her will of her entire estate when she used the provision ‘ ‘ I hereby give and devise and bequeath all the rest, remainder and residue of my estate.” The reference to the sum of $4,000 is not a direction to exclude this sum in the distribution of the residuary estate. The direction is merely a limitation upon the prior direction for equality of distribution to the extent that the share which Joseph would otherwise receive was to be reduced by $4,000. In the division of the residue she merely wanted her son Joseph to receive $4,000 less than her other two sons for the reason which she set forth in the will. Accordingly each of the two remaining sons will be entitled to receive $2,000 more than Joseph.