W. Vincent Grady, S.
A petition for the judicial settlement of the final account of the executors in the above estate has been filed with a request that a determination be had as to the validity, construction and effect of the disposition of property contained in the last will and testament of Charles Gilbert Spross, the decedent herein, and the matter having come on to be heard before the court and after hearing respective counsel and after perusing the memoranda of law submitted by them, and after due deliberation thereon, the court finds as follows:
Paragraph numbered “ twelfth ” of decedent’s will provides as follows: “ twelfth : All of the rest, residue and remainder of my estate, both real and personal, of every kind and description, including any legacies which may have lapsed or any portion of my estate ineffectually disposed of, I give, devise and bequeath to Aloysius W. McDonald and to my nephews and *582 nieces in equal shares or if any shall have predeceased me, to his or her respective descendants per stirpes.’’ (Italics added.)
At the time of decedent’s death on December 23, 1961, at Poughkeepsie, 1ST. Y., he left him surviving 12 nieces and nephews and Aloysius W. McDonald, also mentioned in paragraph numbered “twelfth”. The only other surviving distributees of decedent were Roger Gilbert Spross, a grandnephew, son of Walter J. Spross, a nephew of decedent who died in 1953; Betty A. Reichey Fowler, a grandniece and Daniel P. Reichey, a grandnephew, children of Josephine H. Williams Reichey, a niece who died in 1929; and Allen J. Keesler, a grandnephew, son of deceased niece Alida M. Spross Keesler who died in 1917. All of these deaths of the above-named nephew and nieces occurred prior to decedent’s death on December 23,1961, and prior to the date of the execution of his will on September 12, 1960.
The residuary clause which is numbered ‘1 twelfth ’ ’ in decedent’s will requires construction to determine testator’s intent by reason of the use of the words, “ shall have predeceased Did testator intend to include children of predeceased nieces and nephews dying prior to his death and prior to the execution of his will, or only those children of nieces and nephews dying between the date of his will and the date of his death?
In Pimel v. Betjemann (183 N. Y. 194) it was held that a bequest to a class does not include persons dead before the making of the will, who, had they survived until that time, would have fallen within the description given to the class in the absence of something in the will or surrounding circumstances to show a different intent.
A similar decision was reached in Palmer v. Dunham (125 N. Y. 68,74) wherein the court held that the gift of the remainder was to a class, followed by a substitutionary gift of the share of anyone in the class who should die to the next of kin of such deceased person, and that no one can take under this substitutionary clause who cannot show that his parent might have been one of the original class. (Also, see, Matter of Cohen, 116 N. Y. S. 2d. 333.)
However, the language of the respective instruments in the Pimel, Palmer and Cohen cases may be distinguished from the case at bar.
Also, in the Matter of Eisner (34 Misc 2d 662, 663), the decedent divided her residuary estate into as many equal parts as “ I shall have children me surviving”. Then the testatrix further provided: “ In the event any child of mine or children of mine shall pre-decease me ”. The court interpreted this as referring to those children who were living at the time of the *583 execution of the will but who should thereafter predecease the decedent. The court stated that the word “ shall ” expresses simple futurity and refers only to those of her children who survived her. However, Surrogate Herman recognized a distinction in the language used in the Eisner case and that used in Matter of Crawford (113 N. Y. 366, 374) wherein the testator used the words: ‘ shall die or have died, ’ ’ the interpretation of which was clearly applicable to that which included the heirs of those persons who predeceased him.
In the Crawford case the residuary clause provided (p. 374); ‘ ‘ But in the case any one or more of the children of my deceased brothers and sisters mentioned in this clause of my will shall die, or have died before me, leaving lawful issue surviving at the time of my death, then and in that case, such issue of my deceased nephew or niece shall receive the share which his or her ancestor would have received under this clause of my will, had he or she been living at the time of my death ” (italics added).
The court in this case held that the issue of testator’s brothers and sisters took even though their parents had died prior to the execution of the will. The court stated (p. 376): “ the intention to include all such issue, irrespective of the time of the death of the parent, is emphasized by the words, ‘ shall die or have died,’ pointing both to death in the future and the past.”
Also, see, Lightfoot v. Kane (170 App. Div. 412, 414) wherein by the fifth clause of the will the share of Peter J. is put in trust for his life with the remainder to his lawful issue if any. If not, the will reads:‘ then I give, devise and bequeath the share or portion of my estate so held in trust for him as aforesaid to my children living at the time of his death, and the issue of any of my said children who shall have died before the death of my said son Peter J. Kane.” The court in this case held that no matter whether the death of said child occurred before or after the making of the will, the residuary estate should be divided into a number of shares equal to the number of sons and daughters who predeceased him leaving issue surviving the testator.
It may be argued that the Lightfoot case can be distinguished from the case before this court in that it deals with direct descendants instead of collaterals. However, as Surrogate Herman stated in the Eisner case (34 Misc 2d 662, 666, supra) except for the enunciation of general canons of construction, prior decisions involving will constructions are generally not-too useful for the language of each will in most cases differs. It is the close scrutiny of the language in the entire will which enables the court to determine what the decedent intended.
*584 In the case at bar, there was no apparent intent elsewhere in the will to exclude any of the surviving issue of the nieces and nephews who had died before the testator. On the contrary testator mentioned two grandnephews for specific bequests which indicates his interest in that degree of relationship.
Accordingly, based on the intent of testator as expressed in the whole will and based on the express language used by him: “ if any shall have predeceased me ” pointing both to death in the future and the past as indicating his intention to include surviving grandnieces and grandnephews irrespective of the time of the death of their parents, it is the opinion of the court that the residuary should be divided so that the grandnieces and nephew will receive the share their respective parents would have received had they survived the testator.