## John Boatman et al. v. The Estate of Emory M. Boatman, by Mark Boatman.

1. WILLS—*Statutory Requirements.*—Our statute requires that "wills, testaments and codicils, by which any lands * * * and chattels are devised, shall be reduced to writing, and signed by the testator or testatrix * * * and attested in the presence of the testator or testatrix, by two or more credible witnesses, two of whom, declaring on oath or affirmation, before the County Court of the proper county, that they were present and saw the testator or testatrix sign said will, testament or codicil, in their presence, or acknowledged the same to be his or her act and deed, and that they believed the testator or testatrix to be of sound mind and memory at the time of signing or acknowledging the same, and such evidence shall be sufficient proof of the execution of said will, testament or codicil, to admit same to record; * * * and every will, testament or codicil, when thus proven to the satisfaction of the court, shall be * * * good and available in law for the granting, conveying and assuring the lands, tenements and hereditaments, annuities, rents, goods and chattels therein devised, granted and bequeathed."

2. SAME—*Sufficient Document.*—The following writing was offered for probate:

"This is to certify that Mark Boatman is holding in trust, the land willed to Emory M. Boatman by his father, and his building and loan stock, being in Edgar County Building and Loan Co.; also his share of part of his brother's estate. C. E. Boatman, all of which is to be returned to the said Emory M. Boatman, if anything might happen to Mark Boatman, or at Emory Boatman's option or will; and also be it understood that if anything might happen Emory M. Boatman that all of his private belongings, *whatever* they may be, are to go to Mark Boatman. This to be signed in duplicate.

All of State of Illinois, and Edgar Co., Mch. 16, 1900.
W. P. HOUSTON,             (Signed)   MARK BOATMAN,
MICHAEL HOOVER.                       EMORY M. BOATMAN."

*Held,* that as the writing was written by the deceased, and the words "be it understood that if anything might happen Emory M. Boatman that all his private belongings, whatever they may be, are to go to Mark Boatman," indicate clearly that the deceased intended by it to give his property to his brother Mark, to take effect at the death of the deceased, it is sufficient in form to constitute his will.

**Appeal from an Order Admitting a Will to Probate.**—Appeal from the Circuit Court of Edgar County; the Hon. FRANK K. DUNN, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

H. S. TANNER, attorney for appellants.

J. W. HOWELL, attorney for appellee.

Mr. Justice Burroughs delivered the opinion of the court.

The appellee, Mark Boatman, presented to the County Court of Edgar County, the writing hereinafter set forth, and prayed that it be probated as the last will and testament of his brother Emory M. Boatman, deceased; and the court, after a hearing, entered an order finding it was not such will and refused to admit it to probate.

The appellee appealed from that order to the Circuit Court of that county, and after a hearing, the Circuit Court entered an order finding the writing to be such will and admitting it to probate.

From the order of the Circuit Court the appellants, John Boatman et al., who are brothers and sisters of the deceased, prosecute this appeal, and to effect a reversal of it, argue for error that the writing is not sufficient in form to show that the deceased intended by it to make disposition of his property to take effect at his death.

The writing is as follows:

"This is to certify that Mark Boatman is holding in trust, the land willed to Emory M. Boatman by his father, and his building and loan stock, being in Edgar County Building and Loan Co.; also his share or part of his brother's estate, C. E. Boatman, all of which is to be returned to the said Emory M. Boatman, if anything might happen to Mark Boatman, or at Emory Boatman's option or will; and also be it understood that if anything might happen Emory M. Boatman that all of his private belongings, *whatever* they may be, are to go to Mark Boatman. This to be signed in duplicate.

All of State of Illinois, and Edgar Co., Mch. 16, 1900.
W. P. Houston,          (Signed)   Mark Boatman.
Michael Hoover.                    Emory M. Boatman."

Our statute provides:

"Wills, testaments and codicils, by which any lands, * * * goods and chattels are devised, shall be reduced to writing and signed by the testator or testatrix * * * and attested in the presence of the testator or testatrix, by two or more credible witnesses, two of whom, declaring on oath or affirmation, before the County Court of the proper county, that they were present and saw the testator or testatrix sign said will, testament or codicil, in their presence, or acknowledged the same to be his or her act and deed,

and that they believed the testator or testatrix. to be of sound mind and memory at the time of signing or acknowledging the same, shall be sufficient proof of the execution of said will, testament or codicil, to admit same to record; * * * and every will, testament or codicil, when thus proven to the satisfaction of the court, shall be * * * good and available in law for the granting, conveying and assuring the lands, tenements and hereditaments, annuities, rents, goods and chattels therein and thereby devised, granted and bequeathed. Hurd's Ill. Stat., 1901, Ch. 148, Sec. 2."

There is no conflict in the evidence but that the deceased was fifty years old, of sound mind and memory when he executed the writing in the presence of W. P. Houston and Michael Hoover, two credible persons, who at his request signed the same in his presence and in the presence of each other, for the express purpose of being attesting witnesses thereto, and that they declared on oath before the court that they believed the deceased to be of sound mind and memory at the time he signed the writing. The deceased was poor in health when he executed the writing and took great care to preserve it until he died, a year afterward; and before it was executed, he stated that he intended his brother Mark to have his (deceased's) property at his death, and after it was executed, the deceased told one of the subscribing witnesses that this writing was made so that Mark would get his (deceased's) property at his (deceased's) death.

The writing was written by the deceased, and it seems to us that the words "be it understood that if anything might happen Emory M. Boatman that all his private belongings, whatever they may be, are to go to Mark Boatman," when considered in connection with the whole writing and the statements of the deceased with reference thereto, and its careful preservation by him, indicate clearly that the deceased intended by it to give his property to his brother Mark, to take effect at the death of the deceased; and therefore the writing manifesting such intention, is sufficient in form to constitute his will (Robinson v. Brewster, 140 Ill. 644), and the order of the Circuit Court so finding and declaring, is for that reason affirmed.