ESTATE OF DE ROY: FLEMMING and others, Respondents, vs. GRIEM, Administrator, Appellant.

*November 18—December 7, 1915.*

*Wills: Construction: Death of legatee before making of will.*

A testator having bequeathed certain legacies to persons residing in Germany whom he had not seen or corresponded with for more than twenty years, and having, by a clause applicable only to this class of legatees, provided that "in case of the death of either" of such legatees her legacy "shall be payable to the legal heir or heirs of such legatee," it is *held* that such clause was intended to apply to death of a legatee either before or after the making of the will.

APPEAL from a judgment of the circuit court for Calumet county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

This was a proceeding begun February 5, 1910, in the county court of Calumet county by Jacob Severin, executor of the will of De Roy, praying for the construction of certain portions of De Roy's will. On the same day Severin filed his final account, which showed a balance in his hands of $14,877.01 after paying all debts and expenses of administration.

The clauses of the will of which construction was prayed were the following:

"3. I give, devise and bequeath to my cousin Amalia Hinsch of Hamburg, in Germany, the sum of $1,500.

"4. I give, devise and bequeath to *Wilhelmine Otten* of Hamburg, in Germany, the daughter of my cousin Wilhelmine Meyer (*née* Bichels), the sum of $1,500.

"5. I give, devise and bequeath to Olga Pracht of Hamburg, in Germany, daughter of my cousin Auguste Reinbold (*née* Bichels), the sum of $1,500.

"In case of the death of either or any of the five legatees above named, the legacy hereby bequeathed to them or either of them, by this my last will, shall be payable to the legal heir or heirs of such deceased legatee."

It appeared that De Roy, a resident of Calumet county for more than twenty years, made his will April 26, 1909, and died May 20th following; that the legatees named in the disputed paragraphs of the will were relatives living in Germany with whom he had no correspondence and whom he had never visited; that Amalia Hinsch died without issue June 29, 1906; that Olga Pracht died July 10, 1897, leaving one child named *Elfriede Pracht* surviving; that the name of the person called *Wilhelmine Otten* in the fourth paragraph was really *Wilhelmine Flemming*. The county court found that the legacy to Amalia Hinsch lapsed by reason of her death without issue; that the bequest to *Wilhelmine Flemming* (under the name *Otten*) was valid; and that the bequest to Olga Pracht would descend to her daughter, *Elfriede Pracht,* on proof that said *Elfriede Pracht* was still alive, leave being given to make proof of that fact.

The executor appealed to the circuit court from those parts of the judgment in favor of *Wilhelmine Flemming* and *Elfriede Pracht,* and said last named legatees appealed from that part of the judgment declaring the legacy to Amalia Hinsch lapsed and directing that the same go into the residuary estate.

Before the appeals came to trial Severin died testate, having named the appellant, *Griem,* his executor, and *Griem* qualified as such in November, 1911. The Severin estate was inventoried at $14,560. In March, 1912, *Griem* was appointed administrator *de bonis non* of the estate of De Roy and qualified as such. In September and October, 1912, the appeals were revived and continued in the circuit court on the application of *Griem* as administrator *de bonis non.* The appeals were tried in the circuit court in March, 1914, and that court held that the bequest to *Wilhelmine Flemming* was valid; that the bequest to Olga Pracht was valid and passed to *Elfriede Pracht,* her daughter and only heir; that the bequest to Amalia Hinsch did not lapse but passed to *Wilhel-*

*mine Flemming,* her only heir at law; that it was the inten-
tion of the testator to direct that if any of the legatees named
in the paragraphs in question were dead at the time the will
was made or should die later, in either case the legacy of the
deceased legatee should not lapse, but pass to the legal heirs
of such legatee.   The judgment directed that the adminis-
trator *de bonis non* pay over the legacies (less the inheritance
tax in each case) in accordance with the findings.   Motion
was afterwards made by the administrator to modify the
judgment so that the same should not be a personal judg-
ment against him, but only that the legacies be paid out of
the moneys in his hands belonging to the estate of De Roy.
This motion was based on affidavits showing that the admin-
istrator received from the De Roy estate $3,000 and no more.
By affidavits filed in opposition it appeared that upon settle-
ment of the Severin estate *Griem* had in his hands a consid-
erable sum of money and was directed by the county court to
retain in his hands out of said moneys $1,618.75 to pay the
costs and expenses of said appeals and discharge the legacies
in the De Roy will proportionally.

On this motion the judgment was modified so as to direct
that the legacies be paid out of the estate of De Roy and out
of the $1,618.75 reserved as aforesaid, or so much thereof as
may be applicable thereto and necessary therefor.   From
this judgment the administrator appeals.

*J. E. McMullen,* for the appellant.

For the respondent there was a brief by *L. P. Fox,* attor-
ney, and *Rubens, Fischer, Mosser & Barnum,* of counsel, and
oral argument by *Mr. Fox* and *Mr. H. Barnum.*

Winslow, C. J.   A number of detail errors are alleged,
all of which have been examined and found untenable.   It is
not considered that any good purpose would be subserved by
stating them.   The only question of fact or of law in the case
worthy of discussion is the question as to the meaning of that

clause of the will which provides that in case of the death of either of the legatees her legacy "shall be payable to the legal heir or heirs of such legatee."

Does this include legatees who had died prior to the making of the will? The circuit court answered this question in the affirmative under the peculiar circumstances of this case, *i. e.* the circumstances that the legatees named lived in Germany, had not been visited by the testator in more than twenty years, and apparently had never been in correspondence with the testator.

The trial court thought that these facts made it clear that the clause so industriously inserted in the will and applicable only to this class of legatees was meant to cover death either before or after the making and thus provide for all contingencies.

We agree with this construction. The intent of the testator to be gathered from the will itself in the light of the surrounding circumstances is, of course, controlling. This principle needs no citation of authorities in its support.

*By the Court.*—Judgment affirmed.