PERCY W. GARDNER *Ex. vs.* EDWIN A. KNOWLES *et als.*

APRIL 13, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ..

*(1)   Wills.   Person Deceased in Lifetime of Testator.*

Testamentary devise. "I devise all the residue of my estate unto my brothers and sisters in equal shares, to them their heirs and assigns forever. In the event of the death of any of them, leaving children, then his or her share to be divided equally among his or her children."

Testator was survived by two brothers and a niece who was the daughter of testator's brother who deceased before the execution of the will.

*Held,* that the niece took a one-third interest.

*(2)   Wills.   Conditions.   Substitutional Gifts.*

When there are no other words indicating such intent, words of condition will not necessarily be construed as making a substitutional gift.

*(3)   Wills.   Construction of Devise.*

Testamentary devise. "I . . . devise so much of my real property given to my brothers and sister mentioned in section three to X, my wood lot containing about fourteen acres situated in the town of N., to him.. . ."

Testator owned other real estate in N.

*Held,* that X. took the wood lot and no more.

BILL IN EQUITY for construction of will. Certified under G. L. cap. 339, sec. 35.

RATHBUN, J.   This is a bill in equity brought in the Superior Court by the executor for the construction of the will of Irving C. Knowles.   The case being ready for hearing for final decree was, as required by Sec. 35, Chap. 339, Gen. Laws 1923, certified to this court for determination.

On March 15, 1909, testator executed the will in question. After his decease the instrument was duly admitted to probate and is now before us for the construction of the third paragraph and the codicil.   The third paragraph is as follows: "I give devise and bequeath all the rest and residue of my estate both real and personal and all other that I may hereafter acquire unto my brothers and sisters, in equal shares, to them, their heirs and assigns forever. In the event of the death of any of them, leaving children

then his or her share to be divided equally among his or her children."

At the time the will was executed two brothers and a sister of the testator were living. Another brother had deceased before the execution of the will leaving a child, Mary Eleanor Knowles, one of the respondents herein, Before the death of the testator his sister deceased without issue. The testator was survived by two brothers and a niece, said Mary Eleanor Knowles, who, as we have stated, was the daughter of the testator's brother who deceased before the execution of the will.

The first question presented is whether said niece, Mary Eleanor Knowles, is entitled, by virtue of the third clause of the will, to a share of the residuary estate.

In *Winsor* v. *Brown*, 48 R. I. 200, we had occasion to construe the statute which provides that a devise or bequest to a person who shall die within the lifetime of the testator leaving issue surviving the testator, shall not lapse but shall operate as a gift to such issue. We held that a gift to a child who, although named in the will, deceased before the execution thereof leaving issue surviving the testator, did not lapse but, by force of the statute, was saved for such issue. In the case before us the father of Mary Eleanor Knowles was not specifically named nor designated in the will, but she urges that she is entitled to take, not by virtue of the statute, but because as she contends, the language of the will shows an intention to make a direct gift to her.

The question is: What did the testator mean by the phrase: "In the event of the death of any of them, leaving children," etc.? It is by no means clear that he meant the same as if he had said: "In the event that any of them shall hereafter die." When there are no other words indicating such intent, words of condition will not necessarily be construed as making a substitutional gift. See cases cited *infra*. In considering language similar to that before us courts are strongly inclined to hold, in the absence of anything showing a contrary intention, that the testator did not intend to

exclude the issue of a child who had died before the execution of the will.

In the present case the testator knew when he made the will that his brother, the father of Mary, had died and that Mary was living. She lived while a child in the testator's family. From the language employed it is reasonable to assume that, at the time he made his will and used the words "my brothers and sister" and the words "in the event of the death of any of them", he had in mind the fact that one of his brothers had already died leaving a child then surviving, and that, had he intended to exclude that child, he would have used language which clearly expressed that intention. This conclusion is in accord with the authorities. The court in *In re Williams, Metcalf* v. *Williams*, 2 L. R. Ch. Div. (1914) 61 held that the words "shall die" should be construed to mean "shall be dead". In *Outcalt* v. *Outcalt*, 42 N. J. Eq. 500, 8 Atl. 532, the court construed language very similar to that now under consideration. The will provided that "the residue thereof shall be divided among my several children, share and share alike, and in the event of any of my said children dying before my said wife, and leaving issue them surviving, then such issue shall be entitled to and receive their parent's share." It was held that the gift to issue was a direct gift and that the issue of a child who had died before the execution of the will took as original devisees. To the same effect see *Baldwin* v. *Tucker*, 61 N. J. Eq. 412, 48 Atl. 547; *Anderson* v. *Wilson*, 155 Ia. 415; *Lightfoot* v. *Kane*, 156 N. Y. Supp. 112; *Ladd* v. *Whitledge*, 205 S. W. 463; *Enz* v. *Bowan*, 131 Atl (N. J.) 159.

A second question raised by the bill involves a construction of the codicil, the material portions of which are as follows: "I . . . do hereby give, devise and bequeath so much of my real property given to my brothers and sister mentioned in Section Three to Harry Knowles, son of Edwin A. Knowles, my wood lot containing about fourteen acres situated in the town of Narragansett, Rhode Island, to him, his heirs and assigns forever."

The question is whether Harry Knowles takes any property by the codicil except the wood lot mentioned therein.

The testator owned other real estate situated in Narragansett.    The use of the words "so much" clearly indicates an intention to devise some portion but not all of his real estate so situated.    The words "my wood lot" etc., describe the portion intended to be devised.    It is clear that he intended to bequeath to Harry Knowles the wood lot which formed a part of all the testator's real estate which by the third clause had been given to his brothers and sister.

Our conclusions are that Mary Eleanor Knowles takes one third of the residuary estate and that Harry Knowles takes by the codicil said wood lot and no more.

The parties may present for our approval a form of decree to be entered in the Superior Court.

*Percy W. Gardner*, for complainant.

*Stuart H. Tucker, Huddy & Moulton*, for respondent. ·