(No. 22724.—

CHARLES J. SCHAEFER *et al.* Appellants, *vs.* RICHARD C. MAZER, Exr., Appellee.

*Opinion filed February 15, 1935—Rehearing denied April 5, 1935.*

James F. Burns, for appellants.

Louis W. Mack, (William H. Tuttle, of counsel,) for appellee.

Mr. Justice Stone delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook county admitting to probate the will of Kathie Mazer, who died November 3, 1931, leaving surviving Richard C. Mazer, her husband, and Charles J. and William A. Schaefer, the appellants, her sons by a former marriage. The chancellor having certified that a freehold is involved, the cause is here on direct appeal.

The instrument purporting to be the will of Kathie Mazer was executed February 23, 1918. On petition therefor the probate court admitted the will to probate and on appeal the circuit court on hearing entered a like order. The instrument, which appellants say was not shown to be a will, was signed by Kathie Mazer under seal and attested by two witnesses. In the first clause appears the following: "First—I desire that this be construed as a contract as well as a will and it is my desire and intention to make this instrument irrevocable, it being given in consideration of a will made this day by Richard C. Mazer." After providing for payment of debts and funeral expenses, the instrument declares that, having sufficiently provided for her

sons, the testatrix does not desire to give them any part of her estate. The will devised and bequeathed all of the residue of her estate to her husband and named him as executor. In the circuit court, in addition to the testimony of subscribing witnesses concerning the competency of the testatrix, Richard C. Mazer, the husband of the decedent, testified that he executed his will the same day the will before us was executed. The witnesses to Kathie Mazer's will testified that at the time they witnessed her will they also signed Richard C. Mazer's will as witnesses. His will was not produced.

Appellants argue that the validity of the will of Kathie Mazer depends upon the performance by her husband of the conditions of the first paragraph of her will, and that such conditions are not satisfied merely by showing that he executed a will, but the will itself must be construed, together with the contract referred to in her will, as one instrument, and that in the absence of this proof the will is not entitled to probate. Appellee, on the other hand, contends that any effect which the obligations and undertakings in the contract between the appellee and Kathie Mazer might have upon the validity and effect to be given her will cannot be considered on a petition to probate her will, for the reason that the statute provides other means for determination of such an issue.

Appellants, in support of their position, cite a number of authorities holding that separate instruments executed as evidence of one transaction or agreement will be read and construed together as constituting a single instrument. Such rule, as will readily be seen, has to do with the construction of the instrument and is not applicable to the question here, which is whether the purported will of Kathie Mazer was properly executed as a last will and testament. Proceedings to probate a will are purely statutory. The issue is as to the due execution of the instrument as a will and the competency of the maker thereof. Testimony to

be heard in the probate court is confined to that of the attesting witnesses. This court has repeatedly held that under section 2 of the statute on wills only the testimony of attesting witnesses can be heard on behalf of the proponents in that court, and that contestants are limited to proof of fraud, compulsion, or other improper conduct sufficient to invalidate the instrument as a will. (*Oliver* v. *Oliver,* 313 Ill. 612; *Speer* v. *Josenhans,* 274 id. 237; *Stuke* v. *Glaser,* 223 id. 316; *Greene* v. *Hitchcock,* 222 id. 216.) On appeal to the circuit court proponents may prove the execution of the will by any evidence competent in chancery for that purpose. *Hutchinson* v. *Kelly,* 276 Ill. 438.

It is the purpose of the statute on wills that proceedings for the probate of wills be summary. No pleadings are required. The purpose expressed in the act is that a *prima facie* case of the execution of the instrument and the capacity of the testator to make it as a last will and testatment be made out so that the estate may be cared for and its administration proceed. The right of anyone interested to contest the validity of the will at any time within a year of its probate is given by statute, and until the expiration of that time the probate of the will is not conclusive but the will is expressly declared to be liable to contest, in which case all facts necessary to establish a will in chancery are open to inquiry. *Buerger* v. *Buerger,* 317 Ill. 401.

Whether Kathie Mazer had an agreement or contract with her husband which in any way affects or varies the disposition of her property by her will was not a matter of proper inquiry on an application for probate of her will. There is no proof of fraud, compulsion or other improper conduct sufficient to invalidate the instrument as a will or to offset the *prima facie* case made out by the appellee. The will was therefore entitled to probate. The order of the circuit court admitting it to probate is affirmed.

*Order affirmed.*