## ALLEN v. CARSON et al.

### No. 11202.

Court of Civil Appeals of Texas.
San Antonio.
Oct. 21, 1942.

H. Maxwell Parker, of San Antonio, for appellant.

Dodson, Ezell & Duke, of San Antonio, for appellees.

MURRAY, Justice.

The Frost National Bank, a national banking corporation, as executor of the last will and testament of J. White Allen, deceased, instituted this suit seeking an interpretation and construction of certain language contained in his will. The particular question involved was whether or not Lilly Mae Allen is a residuary legatee under the will.

The trial was before the court without the intervention of a jury and resulted in judgment so construing the will as not to include Lilly Mae Allen as a residuary legatee, from which judgment Lily Mae Allen, a minor, acting by and through Maxwell Parker, Esq., her guardian ad litem, has prosecuted this appeal.

The particular paragraph of the will to be construed is No. XVI, and reads as follows: "I give, devise and bequeath all the rest, residue and remainder of my personal property wherever found and situated, and whether the same be present, future or contingent estate, unto the children of my sister, Anna Morris, and the children of my brother, Robert F. Allen (who is now deceased), in equal parts except five hundred ($500.00) dollars bequeathed to Sarah Sibley in paragraph number 'V' hereof, which

five hundred ($500.00) dollars shall be deducted from the interests of Susie Banjamin, who is the daughter of my sister, Mrs. Anna Morris. And in the event such child or children of my said brother and sister, Robert F. Allen and Anna Morris, have departed this life, then the share that they would be entitled to receive, if living, shall be divided and distributed among their lineal descendants per stirpes, if there be any, and in the event such deceased child or children (same being the child or children of my sister, Anna Morris, and brother, Robert F. Allen) be not survived by lineal descendants, his or her share shall be added to the share of the other children of my said brother, Robert F. Allen (now deceased) and my sister, Anna Morris, And in the event that all the children of my said sister, Anna Morris, and my brother, Robert F. Allen (now deceased) shall have departed this life, and shall not be survived by lineal descendants, then such remainder and residue of my personal property shall past into my general estate."

Lilly Mae Allen is the daughter of Arthur Allen, who died September 6, 1933. Arthur Allen was the son of Robert F. Allen, who died November 14, 1935. The will was written on May 14, 1937. It is therefore apparent that both Robert F. Allen and Arthur Allen were dead before the will was written. It is further apparent that the testator, J. White Allen, knew that both Robert and Arthur Allen were deceased at the time he executed his will.

In view of the fact that J. White Allen knew of both the death of Robert and Arthur Allen at the time he wrote his will, what did he intend by the following language in paragraph XVI: "And in the event such child or children of my said brother and sister, Robert F. Allen and Anna Morris, have departed this life, then the share that they would be entitled to receive, if living, shall be divided and distributed among their lineal descendants per stirpes, if there be any, * * *."

The question is, does this language include appellant, Lilly Mae Allen, or does it exclude her? If such language includes her, then she is a residuary legatee of J. White Allen, otherwise she is not. Did he intend to include any of such children who had theretofore departed this life, or did he intend to include only such children as might depart this life after the writing of the will?

We know of no case in this State construing the language set out above, but there are decisions of other states in point.

In Gardner v. Knowles, 48 R.I. 231, 136 A. 883, 884, the Supreme Court of Rhode Island construed the language, "I give devise and bequeath all the rest and residue of my estate both real and personal and all other that I may hereafter acquire unto my brothers and sisters, in equal shares, to them, their heirs and assigns forever. In the event of the death of any of them, leaving children, then his or her share to be divided equally among his or her children.", as including the heirs of a brother who was dead at the time the will was written. To the same effect is In re Smitley, Sur., 154 N.Y.S. 1086; Dehaven v. Oglesby, Ky., 38 S.W. 145; Lightfoot v. Kane, 170 App.Div. 412, 156 N.Y.S. 112; Anderson v. Wilson, 155 Iowa 415, 136 N.W. 134; In re De Roy's Estate, 161 Wis. 608, 155 N.W. 108.

The doctrine applicable to the case at bar is well stated in 69 C.J. 357, as follows: "If the gift to issue, instead of being strictly substitutional, can be construed as an original and substantive gift, the reason for the rule fails (i. e. that the substitutionary legatee cannot take unless the primary legatee could have taken), and such issue take, even though their parents were dead at the date of the will. Thus, if the gift is to the members of a class 'then living, or their issue,' it is construed to mean 'those then living and the issue of those then dead,' thereby including the issue of those dead at the date of the will, since such issue take original shares. So also, where there is a gift to the children of A and then a gift to the issue of any child who may be dead, of the share which the parent would have taken if living, this is really a gift to the issue of the share which the parent of the issue would have taken if living at the death of the testator, and may include the issue of a parent dead at the date of the will, under the principle just stated."

We are in accord with the authorities above referred to and accordingly construe the language used to be broad enough to include as a residuary legatee Lilly Mae Allen, whose father was deceased at the time the will was written.

Appellees contend that the fact that the testator made a special bequest to Lilly Mae in paragraph VIII of his will of $2,000, and provided, among other things, that

it should be held in trust for her until she was twenty-one years of age, or used by her for a college education, negatives the idea that the testator could have intended that she should also be a residuary legatee and receive such bequest not in trust. To so hold would be to deal in speculation and surmise as to what the testator intended in the face of language which has been universally construed as having a definite meaning. Furthermore, there is nothing inconsistent in leaving a bequest of $2,000 in trust to be used in securing an education for Lilly Mae and leaving another bequest which is not held in trust. He may have desired that at least $2,000 be placed in trust for educational purposes. In any event the money would, in all probability have to be held by someone until the minor became twenty-one years of age.

It is further pointed out that Lilly Mae would receive $2,000 more than the living children of Robert F. Allen, and that the testator certainly did not intend that she should receive both bequests. Again, we think this is mere speculation and surmise. One of the possible residuary legatees under the will, James Allen Morris, could have re-ceived more than his sisters and brothers if his father, Arthur Morris, had died before J. White Allen's death. Furthermore, Mrs. Anna Morris was given a special bequest of $10,000, which was to pass on to her children in the event she predeceased J. White Allen, thus giving her children an advantage over the children of Robert F. Allen, although all of said children were nephews and nieces of J. White Allen.

We are firm in the conviction that the language used in paragraph XVI of the will included Lilly Mae Allen as a residuary legatee, and to give it any other construction would be to speculate, conjecture and surmise as to what J. White Allen may have intended to say but did not say. Similar language to that used has so universally been held to include heirs of persons who had died before the writing of the will that it should not now be given a different meaning.

The judgment of the trial court will be reversed and judgment here rendered so construing the will as to include Lilly Mae Allen as a residuary legatee of J. White Allen, deceased.

Reversed and rendered.