In re Estate of Lena Ostrowski, Deceased.
Thomas D. Nash, Administrator with Will Annexed of
Estate of Lena Ostrowski, Deceased, Appellant, v.
Anna Kebich, Appellee.

Gen. No. 46,251.

Opinion filed November 3, 1954. Released for publication December 9, 1954.

RICHARD P. FREDO, of Chicago, for appellants; MORRIS K. LEVINSON, of Chicago, of counsel.

HAIGHT, GOLDSTEIN & HAIGHT, of Chicago, for appellee; CHARLES H. LERCH, of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

This appeal brings up for review an order of the circuit court, denying admission to probate the purported will of Lena Ostrowski, deceased, which had been admitted to probate in the probate court of Cook county.

The purported will, shown by the evidence to have been written by deceased, reads as follows:

"All my Property belong to Borton Stollar all together with Lot land.

Lena Ostrowski."

It is attested by two witnesses and bears date April 3, 1952. The attesting witnesses testified upon the hearing in the circuit court that they saw the deceased sign the will in question; that she saw them sign; that the testatrix asked them to sign her will as witnesses; and that they believed her to be then of sound and disposing mind and memory.

There was no proof of fraud, forgery, compulsion or other improper conduct that would justify a court to refuse admission of the purported will. The statute governing the admission of a will to probate provides as follows (Ill. Rev. Stats. 1953, ch. 3, par. 221, § 69 [Jones Ill. Stats. Ann. 110.318]):

"When each of two attesting witnesses to a will testifies before the probate court (a) that he was present

and saw the testator or some person in his presence and by his direction sign the will in the presence of the witness or that the testator acknowledged it to the witness as his act, (b) that the will was attested by the witness in the presence of the testator, and (c) that he believed the testator to be of sound mind and memory at the time of signing or acknowledging the will, the execution of the will is sufficiently proved to admit it to probate unless there is proof of fraud, forgery, compulsion, or other improper conduct which in the opinion of the probate court is deemed sufficient to invalidate or destroy the will. . . ."

Proponents made out a *prima facie* case of compliance with this statute.

Appellee contends that unless the instrument constitutes a testamentary disposition of property, it is not a will, though it otherwise satisfies the formal requirements of the statute; and that such instrument cannot be a will where there are no apt words of disposition of property.

The reason assigned by the circuit court for refusing admission to probate was that "it is necessary that some words of disposition must be used to dispose of property . . . and that the disposition must come from the language of the will itself or from the circumstances surrounding it" (citing *McCormick v. Hall,* 337 Ill. 232, 237). The case cited was an equity proceeding to construe the will in question, and not a proceeding for admission of the will to probate.

■ Respecting the scope of the inquiry on appeal to the circuit court from an order of the probate court admitting a will to probate, the Supreme Court in *Robertson v. Yager,* 327 Ill. 346, 354, said:

"The subject matter, however, of the inquiry on appeal remains the same—that is, whether the will is such as is entitled, under the statute, to probate. There is,

however, this difference as to the evidence, that may be offered: when a will is offered for probate in the probate court the only testimony that can there be heard as to the due execution of the will and the competency of the testator is that of the attesting witnesses. . . . It has been held by this court, however, that the contestants of the will, on appeal to the circuit court in such probate proceedings, are confined to the testimony of subscribing witnesses and the cross-examination of witnesses offered by the proponents. (*Shepherd v. Yokum, supra; Chandler v. Fisher,* 290 Ill. 440; *Mayer v. Schrenkler,* 286 Ill. 324.) This is the scope of the inquiry and the extent of the subject matter concerning which evidence may be given. In the absence of proof of fraud, forgery, compulsion or other improper conduct, *both the probate court and the circuit court are required to admit a will to probate upon proof that the requirements of the statute have been complied with. Neither of these courts has power to refuse probate of a will upon any ground whatsoever other than a failure of the proponent to make proper proof of the requirements mentioned in section 2 of the statute, or proof of fraud, forgery, compulsion or other improper conduct concerning the execution of the instrument."* (Italics ours.)

To the same effect is *Schaefer v. Mazer,* 359 Ill. 621.

■ We regard the purported will in question as sufficiently expressing an intention on the part of the testatrix to make a testamentary disposition of her property.

In *Gammon v. Gammon,* 153 Ill. 41, 46, where the residuary estate was by will devised into five equal parts, and the language employed was "one part shall belong" to each of the devisees named, it was held to constitute an express devise to each of such parties. The *Gammon* case was cited with approval in *In re*

434

*Churchfield's Will,* 165 N. Y. Supp. 1073, where it was said:

"The primary meaning of the words 'to belong' is 'to be the property of.' . . . The primary meaning, and also the common and ordinary meaning, of the word 'belong,' is to be the property of."

■ Appellee seeks to distinguish the *Gammon* case by suggesting that the word "shall," which is absent in the instant instrument, denotes an intention to dispose of property effective at the death of the testator. We cannot agree with the distinction suggested. When the testatrix in the instant instrument stated "All *my* Property belong to Borton Stollar," it reasonably means she intended a testamentary disposition of her property.

■ The instant proceeding is not one to construe a will, where the scope of the hearing would be broader, and competent evidence of surrounding circumstances reflecting upon the intention of the testatrix could be received, if there be ambiguity in the will. The inquiry here is limited under the statute, as already indicated.

The circuit court erred in refusing admission of the purported will to probate. Accordingly, the order is reversed and the cause remanded with directions to enter an order admitting the same to probate.

*Reversed and remanded with directions.*

KILEY, P. J. and LEWE, J., concur.