(No. 35270.—

ROBERT L. ERWIN *et al.,* Appellees, *vs.* FORST KRUSE *et al.,* Appellants.

*Opinion filed September 24, 1959.*

Milo J. Fleming, of Watseka, for appellants.

Nelson, Brock & Markwalder, of Watseka, and Dyer, Richmond & Moore, of Hoopeston, (Dale W. Markwalder, Louis B. Sunderland, and Kenneth L. Richmond, of counsel,) for appellees.

Mr. Justice Hershey delivered the opinion of the court:

This appeal comes here from a decree of the circuit court of Iroquois County, which construed the will and codicil of Frank J. Kruse, deceased, confirmed title to real estate in certain plaintiffs, and directed the partition of part of the real estate. Defendants, Forst Kruse and Ralph E. Kruse, the only heirs-at-law of the decedent, were denied any interest therein by inheritance, and they bring their appeal here. A freehold is necessarily involved.

Frank J. Kruse died testate on August 26, 1957, owning several tracts of real estate. On January 6, 1958, two

instruments, known herein as plaintiffs' exhibits 1 and 2, were admitted to probate as decedent's last will and testament and codicil thereto. Plaintiffs' exhibit 1, being the last will and testament of Frank J. Kruse, provides as follows:

"This is my will written on this day of February the 13th 1957.
"To.
"Ruth Anderson—The Home place.
"George or Opal Cross—The East Crib Lots
"East Farm to be sold and half of the selling price to go to Opal V. Williams.
"Any or all of the house hold furniture to Opal V. Williams.
"I am of sound mind.

Frank J. Kruse

"We the undersigned do hereby swear that the above was signed in our presences by Frank J. Kruse as his free and voluntary act.

George W. Cross    Witness<br>Gladys Leatherman    Witness

George W. Cross
Notary Public
Iroquois County,
Ill."

Plaintiffs' exhibit 2, being the codicil to the above will is as follows:

"Feb. 14 1957

"I am of sound mind and, this is a Codicil to my will. Made Feb. 13, 1957. This is Feb. 14—1957 and my interest in south farm is to sold and divided between the following. Evyln Koosh, Bob Erwin, Woodland Church and Watseka Hospital. All bills to be paid first, and,
"To Ralph Kruse. Two Dollars.
"To Forrest Kruse. Two Dollars.

sig    Frank J. Kruse

"We the undersigned hereby swear was above signed in our presences by Frank J. Kruse as his own free will—
Executors
John Muller
Harold Sivirtt

Wittness — Elmer D. Williams    Sign<br>Wittness — Cromer D. Burger    Sign."

The named executors declined to act, and letters of administration with will annexed were issued to Robert L.

Erwin. On October 10, 1958, Robert L. Erwin, individually and as such administrator, the Woodland Methodist Church, a corporation, Iroquois Hospital, a corporation, and Evalena M. Westcott, as plaintiffs, filed their complaint in the circuit court of Iroquois County naming appellants, Forst E. Kruse and Ralph E. Kruse, defendants, together with the Federal Land Bank of St. Louis, a corporation, Ruth Anderson, Opal V. Williams, George Cross, and Opal Cross as additional defendants. Plaintiffs prayed that the court construe the will of Frank J. Kruse and quiet the title to the various tracts of real estate described therein as having belonged to the decedent, and that a division and partition of the premises may be had between the plaintiffs and defendants.

Forst E. Kruse and Ralph E. Kruse filed their motion to dismiss the complaint, alleging that plaintiffs' exhibits 1 and 2 were not in fact and law testamentary dispositions and were ineffectual to convey title to any of decedent's property; that decedent failed to exercise his power to devise and bequeath his property in accordance with the statute, (Ill. Rev. Stat. 1957, chap. 3, par. 193) ; that upon proper construction the instruments do not constitute a will; that the complaint pleads conclusions and not ultimate facts, and that the lands for which partition is sought are not the south farm of the decedent. Attached to this motion was an affidavit of Forst E. Kruse stating that decedent owned a ten-acre farm in Texas which is the southernmost of all farm lands owned by decedent. The complaint alleged that tract III lying in Iroquois County, Illinois, was commonly known and referred to by decedent as the "south farm," was owned one-half by decedent and one-half by Forst E. Kruse, was tenanted by Forst E. Kruse, and subject to a mortgage lien in favor of the Federal Land Bank of St. Louis, a corporation.

The court denied the motion to dismiss. Appellants elected to stand upon their motion and the court entered

its decree, finding that tract I was referred to as the "Home place," tract II was commonly known and referred to as "The East Crib Lots," tract III was commonly known and referred to as the "south farm," and that tract IV was commonly known and referred to as the "East Farm" and that during the lifetime of decedent, his conservator, pursuant to leave of court, had entered into a contract to sell the same to Harold P. Wall. The court then decreed that tract I was devised to Ruth Anderson, tract II was devised to George Cross and Opal Cross, that decedent's interest in tract III was devised to Evalena M. Wescott, Robert L. Erwin, the Woodland Methodist Church, a religious corporation, and to the Iroquois Hospital, a corporation, and tract IV was devised one half to Opal V. Williams and the other one-half passed as intestate property. The decree further named commissioners to make partition of tract III between Forst E. Kruse, Evalena M. Wescott, Woodland Methodist Church, Iroquois Hospital and Robert L. Erwin according to their several interests therein, and if the premises could not be fairly divided, provided that the same be appraised and the value reported to the court. From this decree, Forst E. Kruse and Ralph E. Kruse, the only heirs-at-law of Frank J. Kruse, prosecute this appeal.

Plaintiffs assert that the judgment of the county court of Iroquois County, admitting these instruments in probate as the will of Frank J. Kruse, not having been appealed or set aside as provided by statute, the motion to dismiss constitutes a collateral attack upon that judgment. The issue in proceedings to probate a will is whether the instrument is properly executed as a will and the competency of the maker thereof. (*Schaefer* v. *Mazer*, 359 Ill. 621.) It is a purely statutory proceeding in which the character and quantity of proof required has been carefully prescribed by statute. The judgment rendered is merely that the will is admitted to record, and its effect is that the will shall be good and available in law for the granting, conveying and

assuring of property, real and personal, thereby given, granted and bequeathed. (*Buerger* v. *Buerger,* 317 Ill. 401.) The testimony is confined to that of the attesting witnesses, while contestants, if any, are limited to proof of fraud, compulsion, or other improper conduct sufficient to invalidate the instrument as a will. (*Schaefer* v. *Mazer,* 359 Ill. 621.) The proceeding admitting a will to probate therefore determines only the due and proper execution of the instrument as a will. If appellants' motion to dismiss was limited to an attack upon plaintiffs' exhibits 1 and 2 as improperly executed or procured instruments as a will, the attack would be collateral and barred. (*Allwood* v. *Cahill,* 382 Ill. 511.) However, appellants by their motion, attack plaintiffs' exhibits 1 and 2 as not in fact and law testamentary dispositions and ineffectual to convey title to decedent's property. This contention does not attack the execution of the instruments as a will, but raises only the question whether the terms of the will are effectual to dispose of decedent's property and constitute a testamentary disposition. The testamentary effect of the terms of a will is not determined by a judgment admitting a will to probate, but may be raised or questioned in a proceeding to construe the will. (*Cahill* v. *Michael,* 381 Ill. 395.) Consequently the motion to dismiss the complaint, at least as to this averment, is not a collateral attack upon the judgment of the county court.

We must, therefore, examine appellants' contention that the terms of these instruments are ineffectual to convey title to decedent's properties. Appellants assert that the language embodied in these instruments is insufficient to alienate, transfer, or part with the title to real estate. They insist that clear words are necessary to disinherit an heir, and even where the intention is clearly manifested, the heir will take unless the testator devises to someone else. Thus they argue that since the statute, (Ill. Rev. Stat. 1957, chap. 3, par. 193,) in stating the capacity of testators,

says, "Every person of the age of eighteen years who is of sound mind and memory has power to devise and bequeath by will the real and personal estate which he has at the time of his death," the terms "devise" or "bequeath," or terms of the same meaning, must be used. They likewise insist that the language of the testator in denominating the instruments as "my will" and "a codicil to my will" is not testamentary or dispositive, and can not alone constitute the instruments to be a will.

These instruments have been admitted to probate as constituting the will and codicil of Frank J. Kruse, and their execution or procurement as a will is barred from attack at this time. We are limited, therefore, to the issue of whether the language thereof effectively devised or disposed of the property of Frank J. Kruse.

In construing a will, we are limited to an ascertainment of the testator's intention as shown by the language contained within the four corners of the will. (*Cravens* v. *Haas,* 318 Ill. App. 447; *McGlothlin* v. *McElvain,* 407 Ill. 142.) In determining that intention the words employed by the testator must be given their ordinary meaning unless it readily appears from the will that they were used in a different sense. (*Lavin* v. *Banks,* 406 Ill. 605.) A gift will be sustained, though not made by the will in formal language, when the probability of the testator's intent to make the gift is so strong that a contrary intention cannot be supposed. (*Stern* v. *Stern,* 410 Ill. 377.) That intent must not be presumed but must be clear to have existed in the mind of the testator, and must appear from the words he used. (*Bond* v. *Moore,* 236 Ill. 576.) We have often found that informal words and expressions are sufficient to devise realty, where the testator's intention was clear. (*In re Estate of Ostrowski,* 3 Ill. App. 2d 431; *Connor* v. *Gardner,* 230 Ill. 258; *Boatman* v. *Estate of Emory M. Boatman,* 105 Ill. App. 40; *Cunningham* v.

*Hallyburton,* 342 Ill. 442.) An examination of these instruments indicates a clear intention of the decedent to dispose of his property at his death. The language is inartful, informal, and in poor grammatical form. His dispositive intention is poorly expressed by using the word "to" as an indication that certain property is devised to a named person. In his codicil we find an imperfect expression that the south farm "is to sold and divided between" certain named persons. It is obvious from a reading of the entire instruments, that the testator had a clear and positive intention to devise the various identified properties. "To" is clearly used in the sense that certain properties are directed "to go to" the named persons as devisees. Words having obviously been used to express the intention of "go to" will be, and have often been, awarded that meaning. *Klingman* v. *Gilbert,* 90 Kan. 545; *Aydlett* v. *Swope* (Tenn.), 17 S.W. 208; *Hiller* v. *Loring,* 126 Me. 78.

We are aided by the presumption that it was the intention of the testator to dispose of his estate and not to die intestate (*Bond* v. *Moore,* 236 Ill. 576); and the principle that where certain words are missing from an expression of devise, but the intention to dispose of the property upon his death is nevertheless manifest, the words necessary to a perfect form of the expression may be considered as supplied, and the devise is sufficient. (*In re Estate of Ostrowski,* 3 Ill. App. 2d 431.) Thus in the codicil the clearly intended verb "be" should be considered as supplied to provide that the property there devised is "to *be* sold and divided," as therein directed.

The language used indicates that the testator intended to control the disposition of his estate, and it is not a mere precatory direction. (*Wattjes* v. *Faeth,* 379 Ill. 290.) The estates conveyed by these informal terms are estates in fee, as they are not limited by express words, nor are they devised by construction or operation of law which limits

the estates granted. (*Fleshner* v. *Fleshner*, 378 Ill. 536.) The terms of these questioned documents are thus sufficiently adequate and certain to dispose of the testator's properties, and together constitute a good testamentary instrument.

We are thus brought to a final consideration as to whether the specific terms of the will and codicil are sufficient to devise or bequeath certain of testator's properties. The appellees alleged in their complaint that the southernmost of the two Illinois farms owned by the testator "was commonly known and referred to by the Testator as the 'South Farm.'" The affidavit of Forst E. Kruse, which was attached to the motion to dismiss, stated that the testator owned "a ten acre farm" in Texas which "is the southernmost of all of the farm lands owned by Frank J. Kruse, deceased, and is known as his South Farm."

This affidavit fails to meet the allegations of the complaint. The significant question in this case is the meaning that the testator attached to the phrase "South Farm." The affidavit does not touch that issue. While the affidavit describes the ten acres of Texas land as "a farm," it does not suggest that the testator ever so regarded it. And while the affidavit states that the ten acres of land "is known" as the testator's "South Farm," it does not indicate by whom it is so known. Certainly it does not suggest that it was ever so known or regarded by the testator.

The motion to dismiss was therefore insufficient and the trial court properly denied it.

The decree is affirmed.

*Decree affirmed.*