(No. 36041.—

KELSEY TORRENCE FATHEREE, Appellant, *vs.* LESTER E. GREGG *et al.,* Appellees.

*Opinion filed December 1, 1960.*

WILLIAM H. AMLING, and CARL H. PREIHS, both of Pana, for appellant.

BAKER & BAKER, of Shelbyville, for appellees.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The plaintiff filed a complaint for partition of certain real estate in Shelby County, alleging that she is a tenant in common with the defendants by virtue of certain provisions of the will of her grandfather. The defendants answered denying allegations of title in the plaintiff.

Except for the establishment of heirship, the matter was decided on the pleadings and the construction of the will, which was attached to the complaint as an exhibit. The trial court entered a decree finding that the plaintiff took no title to the real estate under the will, and could therefore not maintain partition, and dismissing the complaint. Plaintiff appeals from that decree.

The sole question before us on this appeal is whether or not plaintiff took an interest in the subject real estate under the will of her grandfather, David A. Torrence. The will was executed on August 14, 1925. At that time, and at the time of his death in 1929, he had five living children. Three other children had died in infancy, and the remaining child, the father of plaintiff, died in 1913.

By his will, David A. Torrence, devised a parcel of real estate in fee simple to each of four of his then living children, and bequeathed $200 to the plaintiff, his only grandchild. The provision in controversy reads as follows:

"Fourth: I give and devise unto my son, D. Arnold

Torrence, for and during the term of his natural life only, [here follows description of real estate], and at the death of my said son I give and devise said last described land to my then surviving children or the heirs of their body, I having previously given my said son sufficient property to equal the share received by my other children."

This clause clearly devises a life estate to D. Arnold Torrence with a remainder over. The point of controversy is the identity of the remaindermen. Plaintiff contends that she takes as an heir of the body of Robert Benjamin Torrence who predeceased both the testator and the life tenant. Defendants argue that plaintiff cannot take because her father, a child of testator, had died prior to the execution of the will and could not have been included in the description of "my then surviving children."

We must endeavor to ascertain the intention of the testator from the will itself (*Bergendahl* v. *Stiers*, 8 Ill.2d 257; *Davidson* v. *Davidson*, 2 Ill.2d 197) giving to the words employed their ordinary meaning unless it readily appears from the will that the words were used in a different sense. *Erwin* v. *Kruse*, 17 Ill.2d 364; *Lavin* v. *Banks*, 406 Ill. 605.

The remainder interest, being conditioned on survivorship, vested at the death of the life tenant. The plain language of the will requires that a child of the testator must survive the life estate in order to take. It is also apparent to us, that if a child of the testator died during the life estate, leaving an heir of his body, that heir would take upon surviving the life tenant. *Roper* v. *Finney*, 7 Ill.2d 487; *Potter* v. *Potter*, 306 Ill. 37.

Was it, however, necessary for the children of the testator to survive the testator in order for the heirs of their body to take? This is the crux of the issue before us. The phrase "or the heirs of their body," are clearly words of purchase rather than limitation and create a substitutionary gift in the event of the death of a child prior to the

death of the life tenant. (*Bartlett* v. *Mutual Benefit Life Ins. Co.* 358 Ill. 452; *Boys* v. *Boys*, 328 Ill. 47; Carey and Schuyler, Illinois Law of Future Interests, pp. 180-181.) We have held that a gift to "my brothers and sisters or their heirs," included the heirs of a brother who had died prior to the execution of the will. *Straw* v. *Barnes*, 250 Ill. 481.

We know of no case, and none has been cited to us, that has interpreted the precise language presented to us. We are faced with the task of determining the intention of the testator from the language he has used. It does not aid us to note, as both parties have done, that the testator might have clearly included or excluded the plaintiff. When he made a gift over to his "then surviving children," he merely conditioned the gift on surviving the life tenancy. Clearly the substitutionary gift to the heirs of *their* body could not refer to the heirs of his children surviving the life tenancy, for they could take only if their ancestor were not "then surviving." The reference in order to be meaningful must be to the heirs of the body of his children.

We see no indication in the will that the testator intended to exclude plaintiff from the gift, or to discriminate between the heirs of the body of those children living at the time of execution of the will, and of those children that were then deceased. Nor can we see that the $200 gift to plaintiff aids us in determining his intent as to this remainder.

It is therefore our conclusion that the fourth paragraph created a life estate with a gift over to the testator's children who survived the life estate and the heirs of the body of those who did not by way of substitution. The plaintiff, therefore, is included in the class entitled to take as an heir of the body of testator's child, Robert Benjamin Torrence, who predeceased both the life tenant and the testator.

The judgment of the circuit court of Shelby County must, therefore, be reversed and the cause remanded with directions to proceed in accordance with the views expressed herein.

*Reversed and remanded, with directions.*