140 Ind. App. 552 (1967)
224 N.E.2d 323
McAVOY, JR., ET AL.
v.
SAMMONS ET AL., CO-EXECUTORS, ETC.
No. 20,569.
Court of Appeals of Indiana.
Filed March 20, 1967.
Rehearing denied April 4, 1967.
*553 Bower & Bower, of Kentland, and John Wheatley, of Yukon, Oklahoma, both for appellants.
George F. Sammons, George M. Sammons, and Sammons & Sammons, all of Kentland, all for appellants.
Petition to Transfer filed and pending.
PRIME, J.
This appeal for the construction of a will is before us on stipulated facts which are as follows:
Io Eva Unger died testate on November 30, 1964. She had seven brothers and sisters. Five were living when she made her will on October 30, 1964, and when she died on November 30, 1964. One of the brothers died in 1953 and one in 1958.
The suit was brought in the lower court by the heirs of the two deceased brothers, to construe the will and determine that these heirs should share in the estate.
The provision of the will over which this controversy is waged is Item VI which reads:
"I devise to my brothers and sisters, living at the time of my death, or to the heirs of brothers and sisters who may precede me in death all of my real estate in the County of Benton, State of Indiana, described as follows: ..."
We now have the task of determining what the language means and who shall share in the estate. The trial court held that the devise was to the living brothers and sisters and that *554 the heirs of the deceased brothers should not share and that it was the intention of the testatrix to exclude the heirs of the two brothers who died prior to the execution of the will.
This entire appeal concerns itself with the proper construction to be placed upon Item VI of the will. There are conflicting rules of construction concerning a class gift which provide for an alternative gift for a class member who dies before the testator. One rule includes the heirs of any class member dead before execution of the will; the other excludes such heirs.
We have here language which is ambiguous and susceptible of being read as disclosing contrary intentions The question is which of the rules we should follow. In Gardner v. Knowles, 48 R.I. 231, 136 A. 883, the will read as follows:
"I give, devise and bequeath all the rest and residue of my estate both real and personal ... and to my brothers and sisters in equal shares ... In the event of the death of any of them leaving children, then his or her share to be divided equally among his or her children."
At the time of the execution of the will, a brother had died leaving a child surviving. Observing that the testator at the time he executed his will was aware that his brother had died leaving a child surviving, the court found that the failure specifically to exclude the child of his deceased brother warranted the conclusion that there was an intention to include her. The rationale was that if the testator's intention had been otherwise he would have used language which clearly expressed that intention.
"... In our opinion the rule of Gardner v. Knowles, supra, while not that generally prevailing, is preferable because no valid reason suggests itself as to why, in the absence of some special circumstances, the children or issue of a class member dead when the will was executed are any less important to a testator than those of a potential class member dying thereafter and that the date of death is immaterial so long as it occurred prior to the time fixed for distribution ... We hold therefore, that absent a manifestation of a *555 contrary intention, a substitutional gift of the share of a dedeceased member of a described group is effective even though that member died prior to the execution of the will." Manufacturers National Bank v. McCoy, 212 A.2d 53, ___ R.I. ___, (1965).
Discussing conflicting views in England; Casner in American Law of Property observes:
"The decisions in the United States offer no better guide in the solution of cases in which the language is ambiguous as to the inclusion of the issue of a person, otherwise within the class, who is dead when the will is written ... some effort should be made to suggest a reasonable basis for solving these problems when they arise under ambiguously phrased documents ... under these circumstances, what is the reasonable assumption to make? In answering this question, bear in mind that all these gifts are to some group related to the testator  his children, his brothers and sisters, his nephews and nieces, or his cousins and the issue of any who shall have died. The testator has clearly evinced an intention to benefit to some extent the issue of the primary group described. In the absence of some special factor throwing some light on the problem, is there any good reason that can be advanced why the average testator would choose among the issue of the primary group on the basis of the time of death of a person otherwise in the class primarily described? It is suggested that there is no good reason. Thus, in the absence of factors pointing to a contrary result, it should always be assumed that in making an alternative gift in favor of the issue of any deceased person, otherwise within the class, the object of the testator is to assure equal division among the branches of his relations designated, and the branch represented by the issue of a class member, dead when the will is executed, is just as important to the testator as the issue of any other class member who dies later. The cases which proceed on this assumption are on the sounder ground." Casner, American Law Property Part 22 § 22.51, 405-408; Fatheree v. Gregg (1960), 20 Ill.2d 620, 170 N.E.2d 600.
The interpretation suggested by Casner, supra, is in accord with the Indiana rule which leans to the construction which favors the inclusion of such heirs rather than to their disinheritance.
*556 Judge Elliott, speaking for this court, said:
"... an heir cannot be disinherited, unless the intention to disinherit be expressed ... where one construction of an ambiguous will leads to a disinheritance of the heir, and another to a result favorable to the heir, the latter construction must be adopted." Crew v. Dixon (1891), 129 Ind. 85, 90; Wood v. Robertson (1887), 113 Ind. 323.
The law favors the construction of a will which disposes of the property devised or bequeathed in the manner in which the law would have disposed of it had the deceased died intestate ... 29 I.L.E. Wills § 178, p. 330; Hancock v. Maynard (1920), 72 Ind. App. 661, 126 N.E. 451.
The presumption is against disherison, and the heir is not to be disinherited unless such is the manifest intention of the testator. McCoy v. Houck (1912), 180 Ind. 634, 99 N.E. 97; Butler v. Moore (1884), 94 Ind. 359.
"We recognize the rule that, where there is uncertainty, the rules of construction are favored which follow the rules of descent, and that children are not disinherited on a doubtful construction, and heirs are not disinherited by conjecture, but only by express words or necessary implication." Guipe v. Miller (1931), 94 Ind. App. 314, 328, 180 N.E. 760.
We might suppose in the case at bar that all the brothers and sisters had died before the testatrix did. In such an event would only the heirs of the brothers and sisters who were living when the will was executed share in the bequest, and the children of the brothers who had died prior to the making of the will be completely disinherited? We think not.
In the absence of any manifestation of an intent one way or the other, courts are compelled to fall back upon presumptions or, at the Restatement of Property calls them, "constructional preferences."
*557 We believe with Casner, that the constructional preference should be in favor of the heirs of the primary group, (in this case, all the brothers and sisters). In the absence of some specific factor which would lead to a contrary view, it should be declared that the testatrix intended to benefit the issue of all the deceased people within the class regardless of when they died. See 60 Harvard Law Review (1947) 751-770.
The rule of construction urged by the Appellees is that which says:
"Where a testator has made a bequest to a class comprising collateral relatives, followed by a gift to the surviving issue of any who may have died before him or before the time fixed for distribution, it is generally held that the surviving issue of one who fits the class description but who is dead at the execution of the will will not share."
There is support for this interpretation in many cases. However, the rule has been held not to be inflexible and will yield to a contrary construction when the language and context of the will so requires.
Here we have the making of a substitutional gift to persons "not alive" at a "future stated date." This is a factor indicating an intent contrary to the general rule quoted above. Restatement of Property ¶ 297, Com. d (4); 3 Powell on Real Property ¶ 366, p. 168.
After reading cases and texts on both sides of the question and considering everything within the four corners of the will, we come to the conclusion that the interpretation here must be in favor of the heirs of the deceased brothers.
As nearly as we can safely state, the interpretation of the language such as appears in this will, is one of first impression in Indiana. We therefore hold the rule to be applied here is:
An heir cannot be disinherited, unless the intention to disinherit be expressed; and where there is an ambiguity of *558 words the interpretation thereof must be resolved in favor of such heirs, and not toward their disinheritance.
This case is reversed with instructions to the court that judgment be entered that the heirs of the two deceased brothers of the testatrix share in the property devised in Item VI of the will per stirpes but not per capita.
Reversed with instructions.
Cooper, C.J., Carson, Faulconer, JJ., concur.
NOTE.  Reported in 224 N.E.2d 323.