Lillie N. BERRY, Appellant,

v.

Martha J. FORD as Personal Representative of the Estate of Oliver L. Pipkin, Appellee.

No. 49A04–0501–CV–56.

Court of Appeals of Indiana.

June 29, 2005.

William R. Fatout, Stewart & Irwin, P.C., Indianapolis, for Appellant.

Stacy L. Kelley, Lee Burns Cossell & Kuehn, LLP, Indianapolis, for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Lillie Berry appeals the trial court's denial of her petition to construe a will. We reverse.

### Issue

Berry raises one issue, which we restate as whether the trial court properly concluded that the will was unambiguous and declined to construe it.

### Facts

On November 15, 1991, Oliver Pipkin entered into a consent decree establishing that he was Berry's father. On April 3, 2004, Pipkin died. On May 28, 2004, Pipkin's will, which was executed November 4, 1997, was admitted to probate. The will provides, "I have five (5) children, Oliver, Jr., Greg, Stephen, Gary, and Olivia." Appellant's App. p. 19. Pipkin bequeathed his residuary estate "to [his] four children, Greg, Stephen, Gary and Olivia, to share and share alike, per stirpes." Appellant's App. p. 20. Pipkin expressly excluded Oliver, Jr., by providing, "I am intentionally not making any provision for my son Oliver, Jr. in this Will not out of any lack of

love or affection, for I truly do love him as much as I love my other four children." *Id.* The will does not mention Berry.

On October 13, 2004, Berry filed a petition to construe the will alleging that it was ambiguous. After a hearing, the trial court denied the petition. The trial court's order provided, "That the language at issue, contained in Article I of the Decedent's [sic] will is not ambiguous. Being found unambiguous, no extrinsic evidence to meaning can be considered." Appellant's App. p. 6. Berry filed a motion to correct error, which the trial court denied. Berry now appeals.

### Analysis

Berry argues that because the will enumerates Pipkin's other children, specifically excludes Oliver, Jr., and is silent as to her, it is ambiguous. She contends that if Pipkin intended to exclude her from his will he would have expressly done so as he did in regard to Oliver, Jr.

"The interpretation of a will is a question to be determined by a court as a matter of law." *In re Estate of Grimm,* 705 N.E.2d 483, 498 (Ind.Ct.App.1999), *trans. denied.* When construing the language of a will, our focus is on the testator's intent. *Id.* Generally, when determining the testator's intent, we look to the four corners of the document and the language used in the will. *Id.* If the language is unambiguous and clearly expresses the testator's intent, the express language must govern. *East v. Estate of East,* 785 N.E.2d 597, 601 (Ind.Ct.App.2003). Although extrinsic evidence is not admissible

to vary or contradict the writing, it is admissible to explain the will or make plain the meaning or intention of the testator if there is an ambiguity. *Id.*

An ambiguity may be either patent or latent. A patent ambiguity is apparent on the face of the instrument. *Eckart v. Davis,* 631 N.E.2d 494, 497 (Ind.Ct. App.1994). It arises from an inconsistency or inherent uncertainty of language used so as to convey no definite meaning or a confused meaning. *Id.* On the other hand, a latent ambiguity does not emerge until one attempts to implement the words as directed in the instrument. *Id.* "Extrinsic evidence is admissible to explain a latent ambiguity." *Id.* at 497–98.

Berry argues that because she is neither mentioned in the will as one of Pipkin's children nor is there language specifically evidencing Pipkin's intent to disinherit her as with Oliver, Jr., there is an ambiguity. Pipkin's Estate responds:

> Decedent, clearly and deliberately acknowledged and addressed only five (5) children in his will with express intent to disinherit Oliver, Jr. and obvious *implied intent to disinherit* any other children not specifically acknowledged and/or identified by name or general class including prior born, after born, adopted or otherwise, thereby disinheriting Lillie Berry and any other children not specifically mentioned in the Will.

Appellee's Br. p. 6 (emphasis added). Incidentally, Pipkin's Estate offers no authority for its assertion that a child may be impliedly disinherited.[1]

---

1. Pipkin's Estate also asserts that there is "substantial extrinsic evidence" showing that Pipkin intended to disinherit Berry and gives examples of such. The trial court did not consider any extrinsic evidence, it only addressed whether an ambiguity exists, which would permit the consideration of extrinsic evidence. Because the trial court concluded

there was no ambiguity, it did not consider any extrinsic evidence. Accordingly, it would be inappropriate for us to consider the extrinsic evidence for the first time on appeal. *Lazzell v. Indiana Family and Soc. Serv's Admin.,* 775 N.E.2d 1113, 1119 (Ind.Ct.App.2002) ("Generally, a party may not advance a new argument for the first time upon appeal.").

Berry asserts there is a presumption that heirs cannot be disinherited unless it is the manifest intent of the testator. *See McAvoy v. Sammons,* 140 Ind. App. 552, 556, 224 N.E.2d 323, 326 (1967). Generally, Indiana law favors construing a will to dispose of property in the same manner in which the law would have disposed of it had the deceased died intestate. *In re Estate of Kirkendall,* 642 N.E.2d 548, 551 (Ind.Ct.App.1994). When appropriate, we are to apply the rule of construction providing that heirs are not to be disinherited by conjecture. *In re Estate of Walters,* 519 N.E.2d 1270, 1274 (Ind.Ct. App.1988), *trans. denied.* "[W]here the intent of the testator remains in doubt, a construction should be used which considers the natural impulses of people and disposes of the property in the same manner the law would, had the decedent died intestate." *Id.*

Accordingly, we cannot conclude that Pipkin impliedly intended to disinherit Berry as a matter of law. Pipkin expressly included Greg, Stephen, Gary, and Olivia in bequeathing his residuary estate and expressly excluded Oliver, Jr. Although paternity had been established six years before Pipkin executed the will, Pipkin's will does not include Berry as one of his children and does not include or exclude her in the bequeathal of his residuary estate. Because Pipkin's intent is unclear regarding Berry's inheritance, a latent ambiguity exists. Extrinsic evidence is admissible to explain the ambiguity and determine Pipkin's intent. *See Eckart,* 631 N.E.2d at 497. The trial court improperly denied Berry's request to construe the will.

### Conclusion

Because Pipkin did not expressly include or exclude Berry in his will, there is an ambiguity. The trial court improperly de-

nied Berry's motion to construe the will. We reverse.

Reversed.

KIRSCH, C.J., and BAKER, J., concur.